**Joseph Paul TINDLE, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 01–231C.

United States Court of Federal Claims.

April 30, 2003.

Joseph P. Tindle, Pro Se.

James C. Caine, Department of Justice, Washington, D.C., with whom was Assistant Attorney General Robert D. McCallum, Jr., David M. Cohen, Director, and James M. Kinsella, Deputy Director, for the defendant.

*OPINION*

MEROW, Senior Judge.

This matter is before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted. In his Complaint plaintiff alleges the Army Review Board's denial of his application for correction of his military record was arbitrary and capricious because the Board failed to consider or respond to his claims of error in his court-martial. Defendant's motion to dismiss asserts plaintiff's Complaint is barred by *res judicata* because the errors of which he now complains could have been raised in his previous litigation in the United States District Court for the Southern District of Georgia. The district court's dismissal of that litigation, as an adjudication on the merits, is asserted to bar plaintiff's subsequent attempt to relitigate his grievances concerning his court-martial.

By Order filed August 22, 2001, this court *sua sponte* raised questions of its subject matter jurisdiction and the statute of limitations and required both parties to "... address precedent which restricts collateral review of court-martial matters to the extraordinarily narrow scope of a pure issue of constitutional law untangled with any weighing of facts and also address any issue concerning the application of 28 U.S.C. § 2501 [1] with respect to his claim." Order, pp. 2–3. In response thereto, plaintiff filed his Opposition to Defendant's Motion to Dismiss, defendant filed its Reply, and plaintiff filed his sur-reply to which defendant replied and plaintiff responded (with this court's leave).

For the reasons stated below, plaintiff's complaint must be dismissed pursuant to RCFC 12(h)(3) because this court lacks subject matter jurisdiction over plaintiff's collateral attacks on his court-martial. Alternatively, plaintiff's claims are barred by *res judicata* and by the expiration of the statute of limitations.

---

1.  28 U.S.C. § 2501 provides in part:
    Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.

## Facts

On October 22, 1993, plaintiff, a former enlisted member of the United States Army ("Army"), was convicted of the rape of his stepdaughter, indecent acts with a minor and indecent language to a minor.[2] Dr. Alan Grant Getts, a physician who examined the victim, testified at trial. Following his conviction, plaintiff was sentenced to fifteen years of confinement, reduced to the rank of Private, had all pay and allowances forfeited, and was dishonorably discharged. On November 13, 1995, the United States Army Court of Criminal Appeals ("ACCA") denied plaintiff's petition for a new trial, affirming both his conviction and sentence. Supplemental Appendix, p. 4 attached to defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss. During the trial, evidence was introduced that the victim tested positive for chlamydia, a sexually transmitted disease. Subsequent to the alleged abuse, plaintiff tested negative for the disease on two occasions. Thus, one of the issues at trial (as well as in subsequent administrative appeal and litigation), was whether plaintiff had the disease, the argument being that he did not sexually abuse the victim. On appeal plaintiff argued the military judge erred by allowing evidence and argument concerning an alleged request plaintiff made in 1987 for a chlamydia test. The ACCA described and disposed of this claimed error:

> When the [plaintiff] testified on his own behalf, government counsel properly questioned him concerning his exposure to chlamydia, and attempted to impeach him with relevant documentary evidence. Government counsel provided a document marked for identification to the defense counsel and implied before the members that it was a part of the appellant's medical record. During the impeachment process, the trial counsel made it clear before the members that the purported medical record contained a request by the appellant for a chlamydia test. Upon examining the purported medical record, the [plaintiff]

flatly denied that he had ever requested a test for chlamydia and stated that the document was erroneous. The document was never received into evidence.

> Later, during his closing argument, government counsel briefly referred to the unadmitted medical record as if it had been admitted into evidence. Inasmuch as the medical record was never admitted and the [plaintiff] had denied that the purported medical record was authentic or accurate, we agree with [plaintiff's] assertion that it was objectionable for government counsel to mention it in argument. However, the defense counsel did not object. Later, during his own oral argument, defense counsel rebutted the government's argument by pointing out the complete absence of any medical evidence that the [plaintiff] was ever infected with chlamydia.

ACCA Memorandum Opinion and Action on Petition for New Trial dated November 3, 1995. App. 4–5, citations omitted.[3] Plaintiff's petition for a new trial was denied and the findings of guilty and the sentence were affirmed.

Plaintiff then petitioned the United States Court of Appeals for the Armed Forces ("CAAF") for a grant of review, which the CAAF denied on April 4, 1997. App. 87.

In January 1997, plaintiff filed suit against Dr. Getts in the United States District Court for the Southern District of Georgia, Augusta Division. The case was dismissed without prejudice on October 2, 1998 because plaintiff was unable to obtain service on Dr. Getts. App. 10–12.

Plaintiff filed another complaint against Dr. Getts on June 23, 1999 in the United States District Court of the Southern District of Georgia, Augusta Division, and an amended complaint on January 20, 2000 alleging Dr. Getts was negligent in his examination of the victim and in his testimony at plaintiff's court-martial. Plaintiff also asserted claims for negligent infliction of emotional distress.

---

**2.** Charges of carnal knowledge were dismissed as multiplicious for sentencing. Upon motion of the defense, a charge of disobeying a lawful order was also dismissed.

**3.** References are to the Appendix to defendant's Motion to Dismiss filed August 17, 2001.

As Dr. Getts was an employee of the United States Army at the time of plaintiff's court-martial, the United States was substituted as the defendant. Dr. Getts was dismissed. The government filed a motion to dismiss for lack of subject matter jurisdiction because plaintiff failed to meet the requirements of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b) and 2671 et seq. Under the FTCA, a claim must first be presented to the appropriate federal agency within two years of the date the claim accrued, and if the claim is not timely filed, a federal district court has no subject matter jurisdiction over the claim. The court found that "[a]t the latest, Plaintiff's claim arose on October 22, 1993, the final day of his trial." App. 18. As plaintiff filed his administrative claims on January 4, 2000, more than 6 years after the final day of his trial, the federal district court found it had no subject matter jurisdiction and judgment was entered in favor of the government on May 8, 2000. App. 13–19.

On March 3, 2000, plaintiff applied for correction of his military record with the Army Board for the Correction of Military Records ("ABCMR" or "Board"). In his application plaintiff argued: (1) the military judge erred in allowing Dr. Getts' testimony that a person could be "self cured" of chlamydia without medication—an opinion that violated Daubert standards and rules of evidence;[4] (2) the military judge erred by not ordering a new trial sua sponte after Dr. Getts testified in his opinion the victim had been sexually abused and the victim was truthful appearing. Error is also claimed in Dr. Getts' testimony that while at the time he opined the victim had been sexually abused he did not have the victim's chlamydia test,

his subsequent learning that the victim tested positive substantiated his opinion that she had been sexually abused;[5] (3) the military judge erred in admitting Dr. Getts' opinion that for her age, the victim had physical evidence of repeated sexual relations when on cross-examination Dr. Getts admitted he did not take precise measurements to substantiate that conclusion; (4) plaintiff was denied due process because the military judge failed to give limiting instructions concerning testimony of Sergeant Major Graydon, a prosecution witness who testified regarding plaintiff's character and credibility on charges of failure to obey an order, a charge that was later dismissed; and (5) the evidence submitted at the court-martial was insufficient to support his conviction. App. 49–83. The ABCMR denied his application on November 7, 2000. Citing 10 U.S.C. § 1552, as precluding any action by the Board which would disturb the finality of a court-martial, the Board concluded in its Memorandum of Consideration (1) there was no evidence that the record was in error or was unjust; (2) plaintiff's conviction and discharge, which was appropriate given the misconduct of which he was convicted, were in accordance with applicable law and regulations; (3) plaintiff submitted neither probative evidence nor convincing argument for his requests. App. 84–88.

Plaintiff filed his Complaint with this court on April 18, 2001. Plaintiff alleges that the ABCMR was arbitrary and capricious because the Board failed to consider or respond to plaintiff's arguments that the military judge erred: (1) in admitting Dr. Getts' testimony concerning chlamydia, a sexually-transmitted disease, specifically whether or not an

---

4. Admission of expert testimony is governed by Rule 702 of the Military Rules of Evidence which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

The Supreme Court has held that a trial judge acts as a "gatekeeper" under Fed.R.Evid. 702 to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task

at hand." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141, 119 S.Ct. 1167, 1171, 143 L.Ed.2d 238, 67 U.S.L.W. 4179 (1999)(quoting Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)).

5. The victim tested positive for chlamydia. Plaintiff twice tested negative for the disease. Thus whether or not plaintiff was ever infected, and whether or not an infected person could be "self-cured,"as well as the accuracy of testing for this disease, were contested at the court-martial and in subsequent military appeals.

infected person could be "self-cured" without medical treatment, (2) in considering Dr. Getts's testimony that the victim's positive chlamydia test substantiated his opinion that the victim had been sexually abused; (3) in admitting as evidence of abuse and guilt Dr. Getts' expert testimony that for her age, the victim had physical evidence of repeated sexual relations when on cross-examination Dr. Getts admitted he did not take precise measurements to substantiate that conclusion; and (4) in failing to instruct the panel to disregard the testimony of Sergeant Willis Graydon concerning the charge of disobeying a lawful order, a charge that was later dismissed.

## Subject matter jurisdiction

RCFC 12(h)(3) provides: "[w]henever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court *shall dismiss* the action." (Emphasis added). *See Booth v. United States,* 990 F.2d 617, 620 (Fed.Cir. 1993)("A party, or the court *sua sponte,* may address a challenge to subject matter jurisdiction at any time, even on appeal"); *see also United States v. Storer Broadcasting Co.,* 351 U.S. 192, 206 n. 1, 76 S.Ct. 763, 100 L.Ed. 1081 (1956)(courts have the power to consider jurisdictional issues *sua sponte* ); *Arctic Corner, Inc. v. United States,* 845 F.2d 999, 1000 (Fed.Cir.1988)("[a] court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt"). When examining jurisdiction, matters outside the pleadings may be considered. *Cedars–Sinai Med. Ctr. v. Watkins,* 11 F.3d 1573, 1583–84 (Fed.Cir.1993)(when jurisdiction is at issue, the court is not limited to the pleadings); *Folden v. United States,* 56 Fed. Cl. 43, 49 (2003)("When considering a motion to dismiss for lack of subject matter jurisdiction, the court may examine relevant evidence in order to resolve any factual disputes"). " 'The court should look beyond the pleadings and decide for itself those facts, even in dispute, which are necessary for a determination of the jurisdictional merits.' " *Pride v. United States,* 40 Fed.Cl. 730, 732 (1998)(quoting *Farmers Grain v. United States,* 29 Fed.Cl. 684, 686 (1993)). The burden of establishing jurisdiction is on the plaintiff. *See Rocovich v. United States,* 933 F.2d 991, 993 (Fed.Cir.1991); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988).

The court recognizes that plaintiff is appearing *pro se,* and will hold the form of plaintiff's submissions to a less stringent standard than if drafted by an attorney. *See Reed v. United States,* 23 Cl.Ct. 517, 521 (1991)(*citing Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). With this in mind, the court has carefully examined the entire record and fully considered all the aspects of plaintiff's case. The fact that plaintiff is proceeding *pro se,* however, does not change the ultimate legal standard and plaintiff's burden of proof on subject matter jurisdiction.

While nominally alleging the ABCMR's decision not to correct his military records was arbitrary and capricious, plaintiff's complaint is really about his court-martial. The underlying argument made to the Board (and reiterated in his Complaint before this court) is of the court-martial hearing itself. Both the gravamen and substance of his arguments in his complaint and his oppositions to the motions to dismiss, are about his court-martial, specifically claimed evidentiary errors by the military judge. In his complaint, plaintiff requests a finding that "[p]laintiff's Court–Martial conviction was product [sic] of fundamentally unfair court-martial procedure" (Complaint, p. 35). Plaintiff also requests his court-martial conviction and sentence be voided, the record of such be expunged, his discharge be changed from dishonorable to honorable, and he be released from imprisonment.[6] Plaintiff also requests reinstatement of his military status with full retirement benefits and a retroactive promotion from pay grade E–6 to E–8 with backpay. Plaintiff argues the military judge in his court-martial erred in allowing testimony and opinions by Dr. Getts, and by not instructing the jury to disregard testimony of Sergeant

---

6. Plaintiff was released from imprisonment. Plaintiff's August 20, 2002, Notice of Change of Address was from the Federal Correctional Complex in Coleman, Florida to a private address in Florida.

Graydon who testified as to the charge of disobeying an order, a charge subsequently dismissed upon motion by plaintiff's counsel. In short, he complains that the ABCMR did not reverse his court-martial conviction. He seeks review of his court-martial.

**Limited review of military court-martial**

■ The jurisdictional scope of this court's collateral review of court-martials is very narrow. *Schlesinger v. Councilman*, 420 U.S. 738, 746-48, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975). To collaterally attack a court-martial judgment, the pleader must state facts showing a lack of such fundamental fairness in the military proceedings as to impair constitutional guarantees of due process. *United States v. Augenblick*, 393 U.S. 348, 356, 89 S.Ct. 528, 533-34, 21 L.Ed.2d 537 (1969); *Matias v. United States*, 923 F.2d 821, 826 (Fed.Cir.1990); *Bowling v. United States*, 713 F.2d 1558, 1561 (Fed.Cir.1983). *See* 10 U.S.C. § 876 (military review of court-martial convictions are final, conclusive and binding on federal courts). In *Augenblick*, the Supreme Court defined the parameters of this limited review: "apart from trials conducted in violation of express constitutional mandates, a constitutionally unfair trial take place only where the barriers and safeguards are so relaxed or forgotten... that the proceeding is more a spectacle ... or trial by ordeal than a disciplined contest." *Augenblick, supra,* 393 U.S. at 356, 89 S.Ct. at 534 (citations omitted); *see also Bowling, supra,* 713 F.2d at 1560 (court-martial proceeding reviewable only when there is such a deprivation of fundamental fairness as to impair due process). Even when constitutional errors are alleged, ... "the constitutional claims made must be serious ones to support an exception to the rule of finality. They must demonstrate convincingly that in the court-martial proceedings there has been such a deprivation of fundamental fairness as to impair due process." *Bowling, supra,* 713 F.2d at 1560-61 (citations omitted). Accordingly, "questions of fact resolved by military courts cannot be collaterally attacked." *Id.,* at 1561. In sum " 'the narrow window of collateral attack review given to this Court remains open, but only for those issues that address the fundamental fairness in military proceedings and the constitutional guaran-

tees of due process.' " *Matias, supra,* 923 F.2d at 826, citing *Matias v. United States,* 19 Cl.Ct. 635, 641 (1990).

■ The court has carefully reviewed plaintiff's allegations and concludes that none of the grounds for attack on the Army Board's denial of his request for correction of his military record, or his complaints about the conduct of his court-martial, rise to the level of such a "deprivation of fundamental fairness as to impair due process." *Bowling, supra,* 713 F.2d at 1561. The court finds that plaintiff was afforded "full and fair consideration to each of [his] claims in proceedings that satisfied the requirements of due process of law." *Matias,* 923 F.2d at 826.

Plaintiff presents four arguments in his complaint before this court. First he argues the ABCMR's decision to deny his application was "arbitrary and capricious" because the Board did not consider or respond to arguments that chlamydia trachomatis will not resolve without treatment. While briefly mentioning the arbitrary and capricious standard and lack of substantial evidence, the gravamen of plaintiff's argument is that the military judge who presided over his court-martial abused his discretion in admitting Dr. Getts' opinion that chlamydia can resolve itself without medical treatment. Plaintiff also complains that Dr. Getts' opinion was "outcome determinative" according to plaintiff, because it allowed argument/inference that plaintiff could have infected the victim and then be cured which could explain why plaintiff tested negative for the disease. Thirdly, plaintiff repeats his objection to Dr. Getts' opinion that the victim had physical signs of sexual abuse that was not based on substantiating measurements. Finally, plaintiff again complains about the lack of a curative instruction to disregard the testimony of Sergeant Graydon who testified concerning charges of disobeying an order which were subsequently dismissed.

These issues were fully and fairly considered and rejected by the military tribunals and do not rise to the constitutional magnitude required for review under *Augenblick* and *Bowling.*

At plaintiff's court-martial, Dr. Getts, a licensed pediatrician since 1984 with specialty training in Adolescent Medicine, testified he had examined children for possible sexual abuse on more than 100 occasions.[7] He examined and evaluated the victim for possible sexual abuse. Lab results from the victim included a positive test for chlamydia which Dr. Getts testified is transmitted in individuals of the victim's age by sexual contact. The chlamydia test administered was approximately 90 percent accurate, but might not detect the bacteria even though it may be present, so that a person testing negative may still have the disease. Dr. Getts also testified that chlamydia can resolve or be cured by the person's own immune system without any specific treatment. He was aware of multiple reported cases of persons with known cases of chlamydia who either refused treatment or did not get treatment yet later tested negative for the disease. Dr. Getts was extensively cross-examined by plaintiff's counsel. Dr. Getts' qualification as an expert was not questioned, nor was his opinion on self-cure.

According to plaintiff, Dr. Getts' opinion was not based on scientific evidence, other experts opine that self-cure is not possible, and the opinion was admitted without compliance with Military Rule of Evidence 702, 703 and 403[8] or without appropriate *Daubert* analysis. In support of his disagreement with Dr. Getts' conclusion, plaintiff also cites several physicians and other infectious disease experts and other medical and other resources, including the "Tuskegee Study of Untreated Syphilis in the Male Negro." In sum, plaintiff asserts that:

> [i]f a task force of expert researchers agree that Chlamydia Trachomatis does not self-cure or just go away on its own, ... how can a court of law accept Dr. Getts tainted testimony that (1) Chlamydia has a self-resolution rate, (2) chlamydia

can be cured by a person's own immune systems, and (3) that a person can have a Chlamydia infection and it will just go away without the person even knowing that they had the infection?

Complaint, p. 15.

Plaintiff's counsel extensively cross-examined Dr. Getts, and the record before this court does not suggest, nor does plaintiff contend, that he was somehow precluded from introducing contrary medical opinion. Plaintiff's counsel stipulated Dr. Getts was an expert. Complaint, Enc. 45, p. 357. Disagreement with medical expert opinion is not a due process violation. Furthermore, plaintiff's contention about Dr. Getts' opinion on self-cure was made to, and considered by, the ABCMR. Specifically, plaintiff's first claim to the Board was:

> I WAS DENIED DUE PROCESS OF LAW TO A FAIR AND IMPARTIAL TRIAL WHEN THE MILITARY JUDGE ERRED BY ARBITRARILY ADMITTING HEARSAY EXPERT OPINION TESTIMONY THAT DID NOT RISE ABOVE SUBJECTIVE BELIEF OR UNSUPPORTED SPECULATION AS SUBSTANTIVE EVIDENCE WITHOUT MAKING ANY FINDINGS PURSUANT TO MILITARY (FEDERAL) RULES OF EVIDENCE, RULES 403, 702, 703, OR THE DAUBERT TEST AFTER PERSONALLY ELICITING THE HEARSAY TESTIMONY FROM DR. ALAN GRANT GETTS, A GOVERNMENT EXPERT WITNESS REGARDING A PERSON SELF-CURING THEMSELF OF CHLAMYDIA TRACHOMATIS WITHOUT MEDICATION.

App. 51, all capital lettering in original. Plaintiff committed five pages of his thirty-one page submittal (not including enclosures) to the Board on this claimed error. Under 10 U.S.C. § 1552, the Board concluded that plaintiff failed to show, and it did not other-

---

**7.** Portions of the transcript were attached to plaintiff's Complaint.

**8.** M.R.E. 702 allows expert testimony by one with specialized knowledge in order to assist the fact-finder in understanding evidence or determine a fact in issue. Under Rule 703, the facts or data underlying an expert opinion may be those perceived by the expert either before or

after the hearing and, if of a type reasonably relied upon by other experts in the field, the facts or data need not be admissible. Otherwise relevant evidence may be excluded under Rule 403 if its probative value is substantially outweighed by a danger of prejudice, confusion or waste of time.

wise appear, that the record was in error or unjust. Therefore, the Board concluded that Plaintiff "... failed to submit sufficient relevant evidence to demonstrate the existence of probable error or injustice." *Id.*, at 88. Plaintiff's objection to Dr. Getts' testimony is not of constitutional due process significance.

Plaintiff also complains that the Army Correction Board was arbitrary and capricious for not considering his argument that Dr. Getts testified that the victim's positive chlamydia test substantiated his expert opinion that the victim had been abused by plaintiff, and testified that the victim appeared truthful to him. Plaintiff alleges this was improper testimony on the ultimate issue for the military tribunal, and was improper testimony as to the victim's veracity. Dr. Getts testified that the victim had probably been sexually abused in part because she was very truthful appearing, had been blunt in describing prior contacts, and her physical examination was consistent with the history she had related. At the time Dr. Getts wrote the presumed diagnosis of sexual abuse, he did not have the victim's positive chlamydia test. That positive test result, Dr. Getts testified, substantiated his diagnosis. The military judge immediately interjected an instruction to the panel members to disregard Dr. Getts' statement about the victim appearing to be truthful because a witness may not testify that another witness appears truthful:

\*     \*     \*     \*     \*     \*

and that-that last comment that I made applies to any witness. There are no—no truth experts in the courtroom. No person can come to the courtroom and tell you whether or not someone else is telling the truth. You can certainly consider his testimony concerning his area of expertise, which is, as we indicated before, Pediatric and Adolescent medicine, and also, Diagnosis of Child Abuse, those things that he observed which would be consistent with child abuse based upon his experience. Any objection to my instruction?

Complaint, Enclosure # 45, p. 375. No panel member had any questions, and questioning continued without objection by counsel. Any error was quickly remedied; any error did not rise to a constitutional violation of due

process. *Greer v. Miller*, 483 U.S. 756, 765, 107 S.Ct. 3102, 3109, 97 L.Ed.2d 618 (1987). Moreover, this argument was also raised to and reviewed by the Army Board of Military Corrections, which, upon review of all of plaintiff's claims of error, found no showing that the record was in error or unjust.

Plaintiff also complains about the prosecutor's statement that plaintiff denied being tested for chlamydia in 1987 while intimating plaintiff had taken such a test by placing an unadmitted document on the court reporter's table. As detailed above, this argument was made to and resolved by the United States Army Court of Criminal Appeals which reviewed the record and found the document was never admitted; while government counsel improperly referred to the unadmitted document in final argument, plaintiff's counsel responded in oral argument by pointing out the complete absence of any medical evidence that plaintiff had ever requested he be tested for chlamydia in 1987. The issue was fairly and finally decided by the United States Court of Criminal Appeals. Moreover, this claim of error was included in the thirty-page Application for Correction of Military Record submitted by plaintiff to ABCMR. App. 75-78. Rather than being deprived of due process, plaintiff has been afforded full due process.

Plaintiff next complains that the Army Board's decision was arbitrary and capricious for failure to respond or consider his argument about Dr. Getts'. opinion that the victim had anatomical evidence not typical for girls of her age which was indicative of sexual abuse over a prolonged period of time, an opinion that was based on his observations, not on any physical measurements. Dr. Getts admitted on cross-examination that he did not take any precise measurements, or if he did, he did not note the measurements in the record. As a result, plaintiff claims the military judge erred in admitting Dr. Getts' opinion. Given Dr. Getts' professional expertise with children and with sexual abuse, admission of his opinion was not error. Plaintiff's counsel did not object to the opinion and subjected it to cross-examination. Furthermore, this argument also was raised before the ABCMR. Plaintiff's objection

clearly does not meet the standards for this court's review.

Finally, plaintiff complains that the ABCMR failed to consider his argument that the military judge should have instructed the members of the panel to disregard the testimony of Sergeant Major Willis Graydon. This testimony is not in the record before this court, and there is no record of whether plaintiff's counsel requested an instruction to the panel to disregard the testimony. Before this court plaintiff alleges Sergeant Graydon testified that plaintiff (1) failed to obey an order of a superior; (2) tried to conspire with the victim to change her story; and (3) was a bad person who not only abused the victim but was insubordinate and rebellious. Sergeant Graydon, a prosecution witness, testified as to the charge of disobeying an order, which was subsequently dismissed. He did not testify as to the abuse charges. Plaintiff has not met his burden of establishing error in the lack of an instruction to disregard this testimony, much less error of a constitutional due process magnitude.

The court has carefully reviewed each of plaintiff's challenges to his court-martial and concludes that plaintiff has not met the *Augenblick* standard of demonstrating convincingly that the errors of which he complains deprived him of fundamental fairness in violation of his constitutional right to due process. *Bowling, supra,* 713 F.2d at 1561 (citing *Augenblick*). Plaintiff was represented by counsel at his court-martial. His case was appealed and reviewed through military tribunals—the United States Army Court of Criminal Appeals, where plaintiff was also represented by counsel. Plaintiff also presented his grievances to the Army Board for Correction of Military Records. The court concludes that the errors of which plaintiff complains, singly or in combination, do not rise to the level of a deprivation of due process of constitutional dimension. As the Supreme Court stated in *Burns v. Wilson,* 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953):

These records make it plain that the military courts have heard petitioners out on every significant allegation which they now urge. Accordingly, it is not the duty of the civil courts simply to repeat that process—to re-examine and reweigh each item of evidence of the occurrence of events which tend to prove or disprove one of [petitioners'] allegations.... It is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims.[9]

Therefore, this Court has no subject matter jurisdiction over plaintiff's plea to review claimed errors in his court-martial and this case must be dismissed.

## Res judicata

▋ Alternatively, the court finds that plaintiff's claims are barred by *res judicata* and defendant's motion to dismiss on that grounds is due to be granted. *Res judicata,* also known as "claims preclusion," " 'prevents a party from relitigating the same claims that were or could have been raised in a prior action.' " *Goad v. United States,* 46 Fed.Cl. 395, 397 (2000), quoting from *Case, Inc. v. United States,* 88 F.3d 1004, 1011 (Fed.Cir.1996). *Res judicata* precludes litigants from contesting matters that they have already had a full and fair opportunity to litigate, protects defending parties from the expense of duplicitous litigation, conserves judicial resources, and minimizes the possibility of inconsistent decisions by multiple forums asked to resolve the same matter. *Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). The bar of *res judicata* or claims preclusion applies to an action if there was previous litigation in which: (1) there was a final judgment on the merits by a court of competent jurisdiction, (2) that involved the same parties or their privies, and (3) was based on the same set of transactional facts as in the subsequent litigation. *Maracalin v. United States,* 52 Fed.Cl. 736, 739 (2002), *aff'd,* 2003 WL 1870908 (Fed.Cir. Apr.3, 2003). *See also Jet, Inc. v. Sewage Aeration Sys.,* 223 F.3d 1360, 1362 (Fed.Cir.2000); *Int'l Nutrition Co. v.*

---

**9.** The Supreme Court's direction was quoted by the Federal Circuit in *Bowling, supra,* 713 F.2d    at 1561.

*Horphag Research, Ltd.,* 220 F.3d 1325, 1328 (Fed.Cir.2000)(the third element examines "claims that were raised, or could have been raised, in the prior action"). In *United Tech. Corp. v. Chromalloy Gas Turbine Corp.,* 189 F.3d 1338, 1344 (Fed.Cir.1999), the Federal Circuit explained that a subsequent suit is barred if the underlying factual basis is the same as in the prior Complaint:

    \*    \*    \*    \*    \*    \*

> a subsequent suit is barred if it arises out of the same subject matter as a previous suit and which, "through the exercise of diligence, could have been litigated in a prior suit." What constitutes the subject matter of a suit depends on the factual basis for the complaint, and any cause of action that arises out of the same facts should be litigated in the same action.

(citations omitted).

■ The May 8, 2000 Order of the United States District Court for the Southern District of Georgia, Augusta Division dismissed plaintiff's Federal Tort Claims Act complaint that asserted Dr. Getts made mistakes in his physical examination of plaintiff's stepdaughter, and gave false testimony at plaintiff's court-martial trial because plaintiff failed to timely file an administrative claim against the government as required by the Federal Tort Claims Act, 28 U.S.C. § 2401(b). In so concluding, the court found that "[a]t the latest, Plaintiff's claim arose on October 22, 1993, the final day of his trial." App. 18. For failure to comply with the Federal Tort Claims Act, plaintiff's complaint was dismissed. The judgment was valid, final and on the merits. The federal district judge applied longstanding principles of the Federal Tort Claims Act. A valid administrative claim before the appropriate federal agency is a necessary prerequisite to filing a tort claim against the United States. 28 U.S.C. § 2675(a). The statute of limitations for filing an administrative claim is two years; a federal court has no subject matter jurisdic-

tion under the FTCA unless plaintiff filed a timely administrative claim. 28 U.S.C. § 2401(b); *Suarez v. United States,* 22 F.3d 1064, 1065 (11th Cir.1994). As plaintiff filed his administrative claim on January 4, 2000, and the federal district court found that plaintiff's claim arose, at the latest, on October 22, 1993, the final day of his trial, his claims were found to be barred by the statute of limitations. Dismissal on statute of limitations grounds is an adjudication on the merits. *Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211, 228, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995); *So. Calif. Fed. Sav. & Loan Ass'n v. United States,* 52 Fed.Cl. 444, 451–54 (2002). *See also Martin v. United States,* 30 Fed.Cl. 542, 548 (1994), *aff'd* 41 F.3d 1519, 1994 WL 623212 (Fed.Cir.1994)(table)("[i]t appears settled that a statute of limitations dismissal should be construed as a final 'judgment on the merits,'" citing *Spruill v. Merit Sys. Protection Board,* 978 F.2d 679, 686–89 (Fed.Cir.1992)).

■ The second element—identity of parties is also met. In the federal district court case, the United States was substituted for Dr. Getts as defendant. Accordingly, plaintiff and the United States were the parties in both cases.[10]

Thirdly, the instant claim is founded upon the same cause of action as in the prior litigation. Plaintiff contends that the issues in the two lawsuits are different, the Georgia federal district court action being one for medical malpractice, and the instant litigation being one seeking to set aside his court-martial and recover back pay. The transactional approach of the Restatement (Second) of Judgments, § 24 governs this court's inquiry. *See Foster v. Hallco Mfg. Co., Inc.,* 947 F.2d 469, 479 (Fed.Cir.1991). Thereunder, the court examines if the "'claim' rests on a particular factual transaction or series thereof on which a suit is brought." *Id.* Accordingly, the court looks at the underlying cluster of factual circumstances to answer the question whether the issues raised, and

---

**10.** Plaintiff's federal district court complaint asserted general claims of malpractice against Dr. Getts and alleged Dr. Getts testified falsely at plaintiff's court-marital hearing. The government was substituted as the defendant, so that plaintiff had the opportunity to raise any other

issues he had arising out of the court-martial, imprisonment and the consequences thereof, including any complaints about the military judge failing to caution the panel to disregard the testimony of Sergeant Major Graydon.

relief sought before this court, could have been raised in the prior litigation. If the answer to that question is "yes," then the second prong is satisfied.

The answer to that question is "yes." Both the former and the current actions are founded on plaintiff's court-martial trial, dishonorable discharge and loss of pay and benefits. In both cases, plaintiff seeks the same relief. In the Southern District of Georgia, plaintiff demanded compensation for legal fees expended in his court-martial, compensation for his emotional damages, future legal fees to obtain joint custody of his children, loss of retirement income, and other recompense allegedly due because of the medical examination and testimony of Dr. Getts. Plaintiff's prayer for relief also included a request that the court find Dr. Getts' examination of the victim and testimony at plaintiff's court-martial was negligent and unreasonable. Plaintiff requested:

2. THAT THIS COURT FINDS THAT JOSEPH SUFFERED MALICIOUS INJURY ARISING DIRECTLY AS A RESULT OF DR. GETTS'S [sic] NEGLIGENT MEDICAL EXAMINATION OF [the victim]; HIS PRECONCEIVED CONCLUSIONS THAT [the victim] ALLEGED RECTAL CHLAMYDIA TEST RESULT SUBSTANTIATED THE FACT THAT [the victim] HAD BEEN THE VICTIM OF JOSEPH SEXUAL ABUS [sic](CLINICAL DIAGNOSIS OF JOSEPH), WHOM HE HAD NEVER SEEN OR EXAMINED, AND THE FACT THAT DR. GETTS COULD NOT SAY WITH ANY MEDICAL CERTAINITY [sic] THAT [the victim] HAD A CHLAMYDIA INFECTION IN HER RECTUM ESPECIALLY WHERE JOSEPH WAS NOT CHARGED WITH SODOMY.

3. THAT THIS COURT FINDS THAT IT WAS NOT OBJECTIVELY REASONABLE FOR DR. GETTS TO MAKE THE DECISION HE MADE TO SUBSTANTIATE ANDPUBLISH [sic] THE CASE AS SEX ABU [sic] AGAINST JOSEPH, AND THAT NO RATIONAL JURY COULD FIND THAT IT WAS. THAT PLAINTIFFS [11] HAVE SUBMITTED EVIDENCE THAT DR. GETTS CONDUCTED AN EXTRAORDINAR [sic] SLIPSHOD AND SHODDY MEDICAL EXAMINATION OF THE REPORT OF CHILD SEX ABUSE; THAT HE SUBSTANTIATED AND REPORTED TO OTHERS HIS OPINION KNOWING THAT THE PROBABLE RESULT WOULD INCLUDE CRIMINAL PROSECUTION OF JOSEPH AND THE LOSS (sic) [12]

App. 33. Plaintiff could have raised claimed evidentiary error by the military judge in his lawsuit in the Southern District of Georgia. While the Army Review Board had not yet denied his claim when his Federal Tort Claims action was dismissed on May 2, 2000, plaintiff's repackaging of his grievances about his court-martial into one purportedly about the Army Review Board's decision, does not preclude the application of *res judicata*. The substance of his current grievances are against Dr. Getts, the military doctor who testified at his court-martial. Accordingly, although plaintiff could not have raised the November 7, 2000 Military Board of Correction's denial of these claimed errors to the Southern District of Georgia, the arguments made against Dr. Getts in the instant lawsuit could have been raised in that prior litigation. Altering the theory of recovery does not create a new claim under the transactional approach. *Anderson v. United States*, 46 Fed.Cl. 725, 729–30 (2000), *aff'd*, 4 Fed.Appx. 871 (Fed.Cir.2001); *Lyons v. United States*, 45 Fed.Cl. 399, 404 (1999). *See also Schuster v. United States*, 1 Cl.Ct. 708 (1983), *aff'd*, 723 F.2d 69 (Fed.Cir.1983)(table).

Moreover, the federal district court could have afforded plaintiff relief he now seeks from this court. In *Powell v. United States*, 39 Fed.Cl. 236 (1997), *aff'd*, 155 F.3d 573,

---

11. Both plaintiff and the victim were named plaintiffs in the federal district court complaint. Only plaintiff's, and not the victim's signature as *pro se* appears on the complaint and civil cover sheet. .

12. The record of plaintiff's complaint filed in the Southern District of Georgia on January 20, 2000 ends on page 7.

1998 WL 391372 (Fed.Cir.1998)(table), plaintiff had previously filed a petition for writ of habeas corpus to review his court-martial conviction, his dishonorable discharge and the denial of his retirement pay. Relief sought included back pay. Plaintiff later brought suit in the Court of Federal Claims challenging his conviction as well as the denial of retirement benefits and seeking back pay in excess of $100,000. Applying *res judicata*, the court reasoned that the federal district court action posed allegations of constitutional and statutory violations in his court-martial which led to wrongful denial of benefits. Under the Little Tucker Act, 28 U.S.C. § 1346(a)(1)(1992), the district court had jurisdiction to grant plaintiff's monetary claims, but could not award more than $10,000 in damages. Nevertheless, the court held that the federal district court had subject matter jurisdiction over plaintiff's claimed improper conviction, dishonorable discharge and claims for back pay, even though monetary relief was limited. "Nor does it concern the court that the district court would only have been able to award a portion of the back pay plaintiff was seeking. The award of any relief required the presence of what the district court had—subject matter jurisdiction." 39 Fed.Cl. at 238. As a result, the case was dismissed on *res judicata* grounds.

Finally, it cannot be said that plaintiff has been afforded less than a full opportunity to pursue his complaints about his court-martial and Dr. Getts. He had a fair opportunity to raise these additional complaints about his court-martial hearing and resulting consequences before the Georgia federal district court. Plaintiff was not compelled to confine his pleadings to the jurisdiction provided by the Federal Tort Claims Act.

**Collateral Estoppel**

▇ Moreover, the statute of limitations finding by the federal district court in Augusta Georgia that plaintiff's complaints concerning Dr. Getts' testimony arose, at the latest October 22, 1993, the final day of his court-martial trial, is binding on plaintiff. The doctrine of collateral estoppel, also known as issue preclusion, is designed to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). *See also Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). In order for an issue of fact or an issue of law to be given preclusive effect, four elements must be satisfied:

\* \* \* \* \* \*

(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action.

*In re Freeman*, 30 F.3d 1459, 1465 (Fed.Cir. 1994).

The six year statute of 28 U.S.C. § 2501 sets the outside parameter of this court's subject matter jurisdiction, and provides in relevant part:

Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.

Given the finding by the Southern District of Georgia that the statute of limitations for plaintiff's causes of action against Dr. Getts with respect to his court-martial accrued by October 22, 1993, the six year statute of limitations on these issues expired on October 23, 1999 and plaintiff's complaint in this court, filed on April 18, 2001 is untimely. Compliance with the statute of limitations period is a jurisdictional prerequisite to this court's subject matter jurisdiction and is strictly construed. *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed.Cir.2002); *Caguas Cent. Federal Sav. Bank v. United States*, 215 F.3d 1304, 1310 (Fed.Cir.2000), *cert. denied*, 531 U.S. 1070, 121 S.Ct. 759, 148 L.Ed.2d 661 (2001). *See also Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1376–77 (Fed.Cir.1998)(plaintiff has the burden of establishing timeliness). Usually, one would be required to exhaust all military remedies before initiating a collateral attack on a court-

martial proceeding. *Williams v. Secretary of Navy*, 787 F.2d 552, 558 (Fed.Cir.1986); *Cooper v. Marsh*, 807 F.2d 988 (Fed.Cir.1986). Here, however, in view of the district court finding that plaintiff's claim, which is primarily centered on Dr. Getts' court-martial testimony, accrued by October 22, 1993, the time set by 28 U.S.C. § 2501 must run from that date.

**Board Review**

On March 3, 2000, pursuant to 10 U.S.C. § 1552, plaintiff petitioned the Army Board for Correction of Military Records requesting that:

\*      \*      \*      \*      \*      \*

his dishonorable discharge (DD) be upgraded to an honorable discharge. He also request (sic) change of the legal conclusion in regard to his creditable active service for pay and retirement purpose to reflect over 20 years of honorable service. He request (sic) that the military court-martial proceedings be expunged from his record; that his conviction was the product of unfair court-martial procedures and that the evidence presented at his military court-martial was constitutionally insufficient to sustain his conviction. He request (sic) that his court-martial sentence be voided. He further requests immediate release from imprisonment and immediate reinstatement to active military service. He request (sic) retroactive back pay to include pay increase for time in service from the date of his total forfeiture of all pay and allowances; retroactive back-pay for Basic Allowances for quarters to include pay increases for time in service and pay raises from date of his total forfeitures. He requests retroactive promotion from pay grade E–6 to E–8, compensation for loss of personal property, compensation for unjust imprisonment; compensation for pecuniary benefits for family separation and compensation of emoluments loss (sic) during his imprisonment.

Complaint, Enclosure 4, p. 3; App. 86.

Plaintiff's application was thirty-three pages long with forty-three enclosures. On September 22, 2000 plaintiff submitted an additional thirteen pages of argument and eight additional enclosures. Plaintiff argued to the ABCMR what he again argues to this court, that: (1) Dr. Getts' testimony concerning self-cure of chlamydia was improper hearsay evidence; and (2) Dr. Getts' opinion that the victim had been abused, appeared truthful and that her positive chlamydia test substantiated his opinion on abuse; (3) Dr. Getts' testimony of physical evidence of sexual abuse and admission on cross-examination that he did not take any measurements; and (4) the lack of limiting instructions to disregard the testimony of Sergeant Graydon, were all denials of due process.

On November 7, 2000, the ABCMR denied plaintiff's application finding that:

1. In order to justify correction of a military record the applicant must show to the satisfaction of the Board, or it must otherwise satisfactorily appear that the record is in error or unjust. The applicant has failed to submit evidence that would satisfy this requirement.

2. Trial by court-martial was warranted by the gravity of the offenses charged. Conviction and discharge were effected in accordance with applicable law and regulations, and the discharge appropriately characterizes the misconduct for which the applicant was convicted.

. . .

4. [Plaintiff] has submitted neither probative evidence nor convincing argument in support of the request.

Complaint, Enclosure 4, p. 4; App. 87.

Plaintiff argues first that the determination of the ABCMR has never been reviewed. Secondly, plaintiff claims error in that the Board did not consider his arguments which were not frivolous on their face. However, "[w]hen called upon to review a decision of a corrections board, or of a Secretary taken upon recommendation from a corrections board, the standard of review is whether the decision is arbitrary, capricious, unsupported by substantial evidence, or contrary to law." *Porter v. United States*, 163 F.3d 1304, 1312 (Fed.Cir.1998)(citing *Skinner v. United States*, 219 Ct.Cl. 322, 594 F.2d 824 (1979)). *See also Dodson v. United States*, 988 F.2d 1199, 1204–05 (Fed.Cir.1993); *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed.Cir.

1983). Plaintiff's burden is a heavy one. *Grieg v. United States,* 226 Ct.Cl. 258, 269, 640 F.2d 1261, 1268 (1981). Plaintiff has not met that burden.

The court has found on each of several alternative theories that plaintiff's Complaint must be dismissed. Plaintiff's claims do not fall within the narrow scope available to this court for review of a court-martial. Alternatively, his claims are barred by *res judicata* and/or the finding by the Southern District of Georgia that plaintiff's claims accrued at the latest, on October 22, 1993, the final day of his trial, a factual finding which is collaterally binding on plaintiff. As a result, plaintiff's claims here are barred by the six-year statute of limitations of 28 U.S.C. § 2501. Finally, and again in the alternative, even in the absence of the foregoing dispositive consequences, plaintiff has failed to meet his heavy burden to establish that the decision of the ABCMR was arbitrary or capricious or not supported by substantial evidence.

Therefore, it is **ORDERED** that defendant's motion to dismiss filed August 17, 2001 is **GRANTED,** and final judgment shall be entered **DISMISSING** this case. **NO COSTS** assessed.