Frances Gayden BROWN, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 09–282C.

United States Court of Federal Claims.

Sept. 22, 2009.

Frances Gayden Brown, appearing pro se, Pensacola, Florida, Plaintiff.

Robert C. Bigler, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

In this civilian pay suit, pro se Plaintiff Frances Gayden Brown seeks damages relating to her removal from a position as Supervisory Staff Accountant with the Department of the Navy in 1993 and her ultimate separation of employment with the Navy in 1995. Ms. Brown seeks reinstatement in her former position, salary and benefits, as well as back pay and attorneys' fees. (Compl.¶¶ 1, 50.) The case is before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), and Plaintiff's emergency motion for injunctive relief. For the reasons stated below, Defendant's motion to dismiss is GRANTED, and Plaintiff's motion for injunctive relief is DENIED.

### Background [1]

In 1992, Ms. Brown was employed as a GS–12 Supervisory Staff Accountant with the U.S. Department of the Navy ("Navy"). On May 4, 1993, the Navy informed Ms. Brown that her position as Supervisory Staff Accountant had been abolished and that she was being reassigned to a comparable position as a GS–12 Financial Specialist. (Compl. ¶ 30.) Ms. Brown sought EEO counsel regarding her reassignment. (Compl. ¶ 32.) She subsequently filed formal EEO complaints alleging, among other

things, that the Navy discriminated against her on the basis of race, color, and sex, and that she was denied use of her reduction in force procedures when her Supervisory Staff Accountant position was abolished. Id. The Merit System Protection Board ("MSPB" or "agency") dismissed Ms. Brown's complaints as moot. Brown v. Dep't of Navy, 60 M.S.P.R. 461 (1994). Ms. Brown appealed the agency's decision to the EEOC. (Compl. ¶ 34.) The EEOC remanded Ms. Brown's case to the MSPB concluding that there was insufficient evidence to support the agency's decision dismissing Ms. Brown's complaints as moot. Brown v. Dep't of Navy, EEOC Doc 01940462, 1994 WL 1755164 at * 3(E.E.O.C. Feb.3, 1994). Ms. Brown now contends that to date, the agency has neither "processed [n]or remedied [her] remanded allegations." (Compl. ¶ 35.)

Despite ongoing litigation regarding Ms. Brown's reassignment, Ms. Brown continued to work as a Financial Specialist until 1995. On May 19, 1995, Ms. Brown was demoted to a GS–11 Budget Analyst as part of a reduction in force. (Compl. ¶ 36; Def.'s Mot. to Dismiss at n. 3.) On May 26, 1995, the Navy issued Ms. Brown another reduction in force notice stating that she would be separated from her position as Budget Analyst effective September 20, 1995 due to the closing of the Naval Aviation Depot. (Compl. ¶ 37; Def. Mot. to Dismiss 2.) Ms. Brown was officially separated from her position on October 27, 1995. (Def. Mot. to Dismiss 2.)

Ms. Brown appealed her 1995 separation to the MSPB, but later withdrew her appeal. Brown v. Dep't of Navy, 71 M.S.P.R. 451, 452 (1996). After withdrawing her appeal, Ms. Brown petitioned the MSPB for review of its initial decision to dismiss her appeal pursuant to her request. Id. In her petition, Ms. Brown requested that her case be reopened and reheard on the merits contending that the Administrative Judge ("AJ") misled her or failed to explain her rights. Id. at 453. The MSPB held that Ms. Brown was not entitled to reinstate her withdrawn appeal as there was no evidence that her decision to

---

1. The facts discussed in this opinion do not constitute findings of fact by the Court. The facts cited herein are either undisputed or alleged and assumed to be true for the purposes of the pending motions.

withdraw was based on incorrect or misleading information, or that Ms. Brown failed to comprehend the implications of her decision. *Id.* at 454.

In 2005, Ms. Brown filed another petition before the MSPB asserting, among other issues, that the Navy separated her by reduction in force in October 1995 as reprisal for her whistleblowing. *Brown v. Dep't of Navy,* 102 M.S.P.R. 377 (2006). On June 26, 2006, the Board affirmed the AJ's decision holding that because Ms. Brown's initial appeal of her separation constituted a dismissal with prejudice, Ms. Brown's claim that the Navy separated her by reduction in force was barred by the doctrine of res judicata. *Id.* at 382.

On May 5, 2009, Ms. Brown filed a complaint in this Court seeking reinstatement with the Navy and back pay in excess of $4.75 million. (Compl. ¶ A(1).) Ms. Brown alleges that in 1993, the Navy improperly removed her to the Financial Specialist position in violation of the Veterans Preference Act, 5 U.S.C. § 2108 (2006), by denying her reduction in force procedures. (Compl. ¶¶ 7–8). She further alleges that the Navy discriminated against her on the basis of race, color, sex, disability and reprisal for previously filing charges against a Navy employee. *Id.* Finally, Ms. Brown claims that her privacy was violated by a Navy official allegedly using her psychiatric records to bar her from federal employment. (Compl. ¶ 10.)

On June 24, 2009, Ms. Brown also filed an Emergency Motion for Injunctive Relief requesting this Court to award her back pay immediately and to reinstate her in her previous position at the current GS–12 Step 10 grade level. (Pl. Emergency Mot. for Inj. Relief 1.) On July 6, 2009, Defendant filed a Motion to Dismiss pursuant to RCFC 12(b)(1). Defendant alleges that this Court lacks subject matter jurisdiction to hear Ms. Brown's claims and moreover, that the statute of limitations has expired on Ms. Brown's nearly fourteen-year old allegations against the Navy. (Def. Mot. to Dismiss 1, 8.)

Ms. Brown filed an Opposition to Defendant's Motion to Dismiss on July 30, 2009. Ms. Brown maintains that the Navy discriminated against her on the basis of her race, color, sex, and disability in abolishing her GS–12 Supervisory Staff Accountant position in 1993 and then in ultimately separating her from her GS–11 Budget Analyst position in 1995 as part of a reduction in force. (Pl. Opp'n. to Def. Mot. to Dismiss 17–20.) Ms. Brown further maintains that the Navy unlawfully obtained her psychiatric records and used those records to discharge her as a Supervisory Staff Accountant in 1993. *Id.* at 2.

Defendant submitted its Reply in support of the Motion to Dismiss on August 13, 2009. Defendant again maintains that this Court lacks subject matter jurisdiction to entertain Ms. Brown's claims and that her claims are barred by the Court's six-year statute of limitations pursuant to 28 U.S.C. § 2501. (Def. Reply to Pl. Resp. to Def. Mot. to Dismiss 6.)

*Standard of Review*

"Subject matter jurisdiction must be established before the Court may proceed to the merits of any action." *BearingPoint, Inc. v. United States,* 77 Fed.Cl. 189, 193 (2007) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 88–89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). "The party asserting the Court's jurisdiction bears the burden of proof on jurisdictional issues." *Id.* (citation omitted). When determining whether Plaintiff has satisfied this burden, the Court looks "beyond the pleadings and 'inquire[s] into jurisdictional facts' in order to determine whether jurisdiction exists." *Lechliter v. United States,* 70 Fed.Cl. 536, 543 (2006) (quoting *Rocovich v. United States,* 933 F.2d 991, 993 (Fed.Cir.1991)).

Under RCFC 12(b)(1), the Court will dismiss a complaint if it lacks jurisdiction over the subject matter. When considering a Rule 12(b)(1) motion, the Court accepts as true the undisputed allegations in the complaint, and draws all reasonable inferences in favor of the plaintiff. *Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989), *abrogated on other grounds by, Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). While *pro se* litigants

are afforded considerable leeway in presenting their pleadings to a court, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), they are not exempt from meeting this Court's jurisdictional requirement, *see Henke v. United States*, 60 F.3d 795, 799 (Fed.Cir.1995). Thus, *pro se* plaintiffs still have the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Tindle v. United States*, 56 Fed.Cl. 337, 341 (2003).

## Discussion

### A. Plaintiff's Claim is Untimely.

Under 28 U.S.C. § 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." This statute of limitations is jurisdictional in nature. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 128 S.Ct. 750, 753–55, 169 L.Ed.2d 591 (2008). A claim against the United States begins to accrue "when all the events occurred which fix the liability of the Government and entitle the claimant to institute an action. . . ." *Kinsey v. United States*, 852 F.2d 556, 557 (Fed.Cir. 1988) (quoting *Oceanic S.S. Co. v. United States*, 165 Ct.Cl. 217, 225 (1964)).

In this case, Ms. Brown has filed suit seeking reinstatement and back pay relating to her reassignment to a GS–12 Financial Specialist position in 1993 and her ultimate separation from her GS–11 Budget Analyst position in 1995. Given that nearly fourteen years have passed since Ms. Brown was employed with the Navy, the statue of limitations on any claims she attempts to assert against the Navy regarding her reassignment and separation has long since expired. Because this Court bars any claim against the Government filed more than six years after the claim has accrued, the Court must dismiss Ms. Brown's claims as untimely pursuant to 28 U.S.C. § 2501.

2. Although not included in Ms. Brown's complaint, the citations to these statutes are as follows: Tucker Act, 28 U.S.C. § 1491 (2006); Veteran Preference Act, 5 U.S.C. § 2108 (2006);

### B. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims.

Ms. Brown asserts that this Court has jurisdiction over her claim pursuant to "the Tucker Act, Civil Service Reform Act, Whistleblower Protection Act, Civil Rights Act and Title VII." (Compl. ¶ 1.)[2] Even if Ms. Brown's complaint was timely—which it is not—there are significant jurisdictional issues which bar this action. Given that Ms. Brown's claims are time barred, however, the Court need not further consider Plaintiff's jurisdictional assertions.

### C. Plaintiff's Motion for Emergency Injunctive Relief is Denied.

As this Court does not have subject matter jurisdiction to hear Plaintiff's claims, Ms. Brown's emergency motion for injunctive relief is hereby DENIED.

### Conclusion

Based upon the forgoing, Defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is GRANTED, and Plaintiff's motion for injunctive relief is DENIED. The Clerk is directed to DISMISS Plaintiff's complaint without prejudice. Any new actions brought by Plaintiff in this Court shall not be filed without leave of the undersigned.

IT IS SO ORDERED.

Whistleblower Protection Act, 5 U.S.C. § 2302 (2006); and Civil Rights Act of 1964, 28 U.S.C. § 1343(a) (2006).