# In the United States Court of Federal Claims

No. 13-961C
(Filed: May 9, 2014)

```
* * * * * * * * * * * * * * * * * * * * * * * *    *
                                                    *
GREAT WEST CAUSALITY                                *
INSURANCE COMPANY, et al.,                          *
                                                    *
              Plaintiffs,                           *
                                                    *
       v.                                           *
                                                    *
THE UNITED STATES,                                  *
                                                    *
              Defendant.                            *
                                                    *
* * * * * * * * * * * * * * * * * * * * * * * *    *
```

---

## ORDER OF DISMISSAL

---

## Background

On December 6, 2013, Plaintiffs Great West Causality Insurance Company and Bernasek Trucking ("Bernasek") filed a complaint seeking damages from the Government for an accident that occurred on or about December 7, 2011. Plaintiffs allege that a crane operator at the Fort Indiantown Gap National Guard Base in Pennsylvania dropped cargo on a semi-trailer belonging to Bernasek "during an unload." Plaintiffs seek $49,639.85 in damages, representing $17,289.85 for the resulting damage to the semi-trailer, $31,600 in lost income for the nine weeks the semi-trailer was allegedly out of service, and $750 for Bernasek's insurance deductible.

On February 6, 2014, Defendant moved to dismiss Plaintiffs' complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims on the ground that the claim sounds in tort. Plaintiffs did not file a response to Defendant's motion.

## Discussion

The party seeking jurisdiction bears the burden of establishing jurisdiction by a preponderance of the evidence. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988) (citations omitted). If subject-matter jurisdiction cannot be established, the Court must dismiss plaintiff's complaint. RCFC 12(h)(3); see also Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act grants this Court jurisdiction to hear claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . . ." 28 U.S.C. § 1491(a)(1) (2012). Plaintiffs' claim arises from an alleged accident at a National Guard base "when cargo was dropped," causing damage to Bernasek's semi-trailer. As such, Plaintiffs' claim sounds in tort. See Wieman v. United States, 230 Ct. Cl. 563, 569 (1982) (finding that plaintiff's claim for damage to trailers plaintiff used in the performance of its Government contract sounded in tort). Because the plain language of the Tucker Act excludes claims sounding in tort from the Court of Federal Claims' jurisdiction, the Court lacks jurisdiction to hear Plaintiffs' claim. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing 28 U.S.C. § 1491(a)(1)).[1]

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**

---

[1]    Plaintiffs do not allege that they had an express or implied contract with the Government. Nor do they identify a claim against the Government founded on the Constitution, an Act of Congress, or a regulation of an executive department.