William H. LYONS, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 99–71 C.

United States Court of Federal Claims.

Nov. 3, 1999.

Wayne R. Parker, Kent, Washington, for plaintiff.

John S. Groat, United States Department of Justice, Washington, D.C., for defendant, with whom were Acting Assistant Attorney General David W. Ogden, Director David M. Cohen, Assistant Director James M. Kinsella, and of counsel LT. COL. Terry L. Elling and MAJ. Jim Edgar, United States Department of the Army.

## ORDER

MOODY R. TIDWELL, III, Senior Judge.

This case is before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted, filed pursuant to Rule 12(b)(4) of the Rules of the Court of Federal Claims. Plaintiff, a military retiree, brought the underlying civilian action pursuant to 37 U.S.C. § 204(a)(1), 28 U.S.C. §§ 1331 and 2201 (1999), seeking money damages, injunctive relief, and declaratory relief. For the reasons set forth below, the court *ALLOWS* defendant's motion to dismiss.

## BACKGROUND

### I. Facts

The following facts are undisputed for the purpose of this motion, unless otherwise noted. Plaintiff, William H. Lyons, enlisted in the United States Army on December 31, 1963, serving through the end of the Vietnam conflict. During that time in his career, Mr. Lyons was commissioned and rose to the rank of captain (pay grade O–3). On November 13, 1973, plaintiff separated from military service. After being separated from the United States Armed Forces for over a year, Mr. Lyons re-enlisted in the United States Air Force Reserve on December 7, 1974. Thereafter, he transferred to the United States Army Reserve on January 24, 1976, where he held the rank of Sergeant First Class (pay grade E–7). On November 4, 1983, plaintiff returned to active duty under the Active Guard/Reserve program.

In March 1995, plaintiff made an inquiry about his retirement to Sergeant Kevin Ping, who served under Colonel Frederick H. Thibault, Director of the United States Army

Reserve Personnel Center of the Department of the Army. Sergeant Ping informed plaintiff that he could retire immediately and receive retirement benefits at the highest rank and pay grade that Mr. Lyons had obtained during his military service. Relying on this information, plaintiff applied for retirement. On June 15, 1995, Colonel Thibault issued retirement orders, effective as of July 31, 1995, for Mr. Lyons to retire with a pay grade of O–3 from the United States Army. At the time of his retirement, plaintiff had completed 20 years, 11 months and 1 day of creditable active duty service. Mr. Lyons was then placed on the retired list on August 1, 1995, also classified as a captain/O–3.

On August 28, 1995, however, Colonel Thibault issued an Order amending the retirement Order of June 15, 1995. Without prior notification to plaintiff, this later Order modified Mr. Lyon's retirement pay grade from his highest service rank held, O–3, to his rank held at the time of his retirement, E–7.[1]

## II. Procedural History

### A. Litigation in the District Court

Plaintiff then filed suit, docket number 007–0043, in the United States District Court for the Western District of Washington (Seattle) on January 10, 1997, naming the United States Army and Colonel Frederick H. Thibault, in his individual capacity, as defendants in the action. Mr. Lyons sought preliminary and permanent injunctions directing the U.S. Army to reinstate the Order of June 15, 1995, and pay him the uncompensated difference from the August 28, 1995 Order. Alternatively, plaintiff sought to be reinstated in the U.S. Army at the rank of Sergeant First Class so that he could complete his thirty year tenure prior to retiring, without retaliation from defendants if granted. Mr. Lyons additionally beseeched the court to declare the August 28, 1995 Order void ab initio. On May 5, 1997, the district court dismissed all claims against Colonel Thibault and transferred the case against the remaining defendant to the United States Court of Federal Claims, pursuant to the Tucker Act.[2] *See William H. Lyons v. United States Army, et al.* (No. C97–43Z) (W.D. Wash. filed May 5, 1997).

### B. Litigation in the Court of Federal Claims

Upon being transferred, the remaining action was dismissed on defendant's RCFC 12(b)(4) motion. *See William H. Lyons v. United States* (No. 97–572C) (Fed.Cl. filed Dec. 23, 1998). In that case, Senior Judge Merow held that plaintiff was unable to recover the monies prayed for in the complaint, which would require disbursement by the federal treasury, absent a clear showing of statutory eligibility, which had not been granted by Congress to plaintiff's in Mr. Lyons' position. *Id.* at 13; *citing Office of Personnel Management v. Richmond,* 496 U.S. 414, 428 & 430, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990); *Perez v. United States,* 156 F.3d 1366, 1373 (Fed.Cir.1998).

---

1. The Retirement Order of June 15, 1995, specifically refers to 10 U.S.C. § 3914 (1994) and 10 U.S.C. § 3961 (1994).

   § 3914 provides in relevant part:
   Under regulations to be prescribed by the Secretary of the Army, a enlisted member of the Army who has at least 20 years, but less than 30, years of service ..., may, upon his request, be retired.
   § 3961 provides in relevant part:
   (a) The retired grade of a regular commissioned officer of the Army who retires other than for physical disability, and the retired grade of a reserve commissioned officer of the Army who retires other than for physical disability or for nonregular service under chapter 1223 of this title, is determined under 1370 of this title.

   (b) Unless entitled to a higher retired grade under some other provision of law, a Regular or Reserve of the Army not covered by subsection (a) who retires other than for physical disability retires in the regular or reserve grade that he holds on the date of his retirement.

2. Generally, the Tucker Act, 28 U.S.C. § 1346(a)(2), in relevant part, confers concurrent jurisdiction to the U.S. District Courts and the Court of Federal Claims for non-tort claims seeking money damage awards not exceeding $10,000 arising out of the Constitution, an act of Congress, or a regulation of an Executive Department or any express or implied-in-fact contract with the United States. However, the Tucker Act vests sole jurisdiction in the Court of Claims where claims amount to or exceed $10,000.

Plaintiff filed the instant action on February 17, 1999. Mr. Lyons seeks a judgment (1) stating that his July 31, 1995 retirement was involuntary based on his detrimental reliance on defendant's material and incorrect information; (2) for payment of monies plaintiff would have received from defendant had he not been retired from service, under a pay grade E–7 status, from August 1995 through November 1996, reduced by the difference in retirement pay he actually received during that same period; (3) for payment of monies plaintiff would have received but for his involuntary retirement, under a pay grade E–7 status, from December 1996 through his planned re-enlistment period(s), or until such a time as he is reinstated to active service, reduced by the difference in retirement pay he actually received during that same period; (4) ordering defendant to reinstate plaintiff to active service at the rank of Sergeant First Class; (5) preventing defendant from taking retaliatory measures against plaintiff upon his reinstatement; and (6) any other appropriate relief.

As alleged in the complaint, plaintiff's prayer for relief is premised upon the same underlying facts which Senior Judge Merow dealt with in *William H. Lyons v. United States* (No. 97–572C) (Fed.Cl. filed Dec. 23, 1998). However, in the former action, Mr. Lyons' theory of recovery presumed that his discharge from the U.S. Armed Forces was valid and voluntary. In the case at bar, plaintiff now seeks relief premised on the allegation that his military discharge was invalid and his retirement was involuntary. Defendant responded by filing a motion to dismiss, pursuant to RCFC 12(b)(4), asserting that plaintiff's instant claim is barred by the doctrine of res judicata, as it is based on the same facts and circumstances of the prior case.

## DISCUSSION

Defendant moved to dismiss this action pursuant to RCFC Rule 12(b)(4) for failure to state a claim upon which relief can be granted, alleging that the doctrine of res judicata bars the instant action.

The doctrine of res judicata has long been used to strengthen judgments and accord legitimacy to this nation's judicial system. Indeed, the Supreme Court has bestowed great importance to this rule of common law which gives to our civil government and society a sense of peace and security in the knowledge that disputes may be settled with a permanent outcome. *See Southern Pacific R.R. Co. v. United States*, 168 U.S. 1, 49, 18 S.Ct. 18, 42 L.Ed. 355 (1897); *see also Astoria Federal Savings and Loan Association v. Solimino*, 501 U.S. 104, 107, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991) (doctrine of res judicata is a judicially created tool to achieve finality). This nation's high court has gone to great lengths in keeping this canon of law constant, even to the expense of individual hardship which might have otherwise been deemed worthy of relief. *See Reed v. Allen*, 286 U.S. 191, 198–199, 52 S.Ct. 532, 76 L.Ed. 1054 (1932).

The affirmative defense of res judicata, known also as claim preclusion, is used by courts to bar litigation in a second action where the matter has previously been adjudicated upon the merits. *See* RCFC 8(c); *Baker v. General Motors Corp.*, 522 U.S. 222, 238, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998) (*citing Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)); *see also Res Judicata and Collateral Estoppel*, 2 Am.Jur.2d Administrative Law § 381 (1994). The primary purpose achieved by the dictates of this public policy is two-fold. In adhering to its principles, litigants are protected from the heavy burden that would be born out of constant relitigation of duplicate claims or issues between the same parties, as well as to encourage judicial economy by precluding wasteful and superfluous litigation. *See Parklane Hosiery*, 439 U.S. at 326, 99 S.Ct. 645 (*citing Blonder–Tongue Labs., Inc. v. University of Illinois Foundation*, 402 U.S. 313, 328–329, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Case, Inc. v. United States*, 88 F.3d 1004, 1011 (Fed.Cir.1996)).

A claim preclusion defense is appropriately considered as a motion to dismiss pursuant to RCFC 12(b)(4). *See Burnett v. United States*, 40 Fed.Cl. 806, 809 (1998) (*citing Estate of Akin v. United States*, 31 Fed.Cl. 89, 90 n. 1 (1994); *Gustafson v. Unit-*

*ed States,* 27 Fed.Cl. 451, 452 n. 1 (1993)). In *Mosca v. United States,* 224 Ct.Cl. 678, 650 F.2d 288 (1980), the Court of Claims evaluated the doctrine of res judicata under a four-part analysis. The court determined that "[a] finding of res judicata requires that: (1) the court's prior decision must be a valid and final judgment, (2) the suit before the court must involve the same claim or cause of action as in the prior decision, (3) the prior decision must have been made on the merits of the case, and (4) the same parties must be involved in both cases." *See id.* at 679 (*citations omitted*); *see also Estabrook v. United States,* 41 Fed.Cl. 283, 286–87 (1998); *Burnett v. United States,* 40 Fed.Cl. 806, 809 (1998). Additionally, the Supreme Court has attached significant importance in making sure the nonmovant has had a "full and fair opportunity to litigate" the claim below. *See Poyner v. Murray,* 508 U.S. 931, 113 S.Ct. 2397, 124 L.Ed.2d 299 (1993) (*quoting Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)); *Allenfield Associates v. United States,* 40 Fed.Cl. 471, 479 (1998).

The decision in *William H. Lyons v. United States,* No. 97–572C (Fed.Cl. filed Dec. 23, 1998), constitutes a valid and final judgment. In that case, plaintiff's claim was dismissed pursuant to defendant's RCFC 12(b)(4) motion for failure to state a claim upon which relief can be granted. Plaintiff has not alleged that the former action's judgment was invalid, rather Mr. Lyons admits that the former case was dismissed because the form of relief requested was deficient. This dismissal was not, as plaintiff has advanced, a dismissal for lack of jurisdiction. In fact, the Order makes plain that the court in the previous case did not have jurisdiction over the claim, an issue that was addressed at length. Further, Senior Judge Merow ordered the clerk, in the prior action, "to enter final judgment dismissing the complaint." *See Lyons,* at 14. This judgment was not appealed. From the plain language of the Order, as well as the aforementioned reasons, the earlier judgment was valid and final.

Second, both the former and current actions are founded on the same cause of ac-

tion. In comparing the two claims, the Court of Appeals for the Federal Circuit has adopted the transactional approach, as defined by the Restatement (Second) of Judgments, § 24, for determining when res judicata is applicable. *See Foster v. Hallco Mfg. Co., Inc.,* 947 F.2d 469, 479 (Fed.Cir.1991). In a transactional analysis, "a 'claim' rests on a particular factual transaction or series thereof on which a suit is brought." *See id.* The Restatement, in pertinent part, states that:

(1) [T]he claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction or series of connected transactions, out of which the action arose.

(2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*See* Restatement (Second) of Judgments, § 24, *Dimensions of "Claim" for Purposes of Merger or Bar—General Rule Concerning "Splitting"*; *see also Foster,* 947 F.2d at 478.

Although purporting to advance a new claim, plaintiff has merely alleged a new theory of recovery. For the most part, plaintiff virtually copied the factual allegations of the former complaint in drafting the instant complaint. Mr. Lyons assets no new or different factual allegations in the complaint at bar from his pleading in the prior action. The only difference between the two complaints has nothing to do with the factual transaction which occurred; rather, plaintiff has merely asserted a new theory of recovery. As mentioned previously, in the first action Mr. Lyons did not argue that his discharge was invalid or involuntary; rather, plaintiff alleged that the alteration in his retirement status was invalid. In the case at bar, plaintiff claims that, under an identical factual scenario, his discharge was invalid and involuntary.

■ This difference is of no matter though, for the common nucleus of operative

**404**

facts are the same. *See* Judgments in Federal Court, § 9.03 *Same Cause of Action* 445 (1997). Changing the theory of recovery does not form a new claim under the transactional approach. These remedies, and all other remedies which could have been alleged in the first action, are extinguished and may not be asserted in later claims. *See Federated Department Stores, Inc. v. Moitie, et al.*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *see also* Restatement (Second) of Judgments, *supra*, at § 24. Further, the parties had an expectation that all of their available remedies would have been asserted in the first instance. The very principle of res judicata is founded on preventing relitigation and achieving judicial finality. By allowing parties to persist in alleging new theories of recovery using the same cause of action for each action would belabor this principle, not to mention the judicial resources which would be needlessly squandered on such a pursuit. The relief prayed upon in the complaint at bar could have been requested in the prior action as an alternative to plaintiff's other theories of recovery, which were based upon the same factual transaction.

 Third, the former decision rested on the merits of the case. Dismissals made without prejudice are generally not presumed to be a final adjudication on the merits of the case and, therefore, do not have res judicata effect. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). However, when a court dismisses an action for failing to state a claim upon which relief can be granted, the dismissal is deemed to be a final judgment on the merits. *See Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Thus, although plaintiff strenuously asserts that the prior adjudication was not made upon the merits because the order failed to state that the decision was "with prejudice," precedent indicates otherwise.

Fourth, the parties in the prior action are identical to those at bar in the instant case.

Finally, plaintiff has had a full and fair opportunity to litigate this matter in the previous action. Plaintiff is in the same legal position today as he was in the former action. Nothing plaintiff has proffered indicates a change in his circumstances. Further, plaintiff was accorded the liberty to pursue his claim in a court of law, with a full and fair opportunity to have his case adjudicated.

 Plaintiff has failed to state a new claim. In light of the strict deference the judicial system has accorded for protecting parties from duplicate litigation, this court regretfully holds that plaintiff is barred from moving forward with the civil action at bar, as mandated by the dictates of the doctrine of res judicata.

### Conclusion

For the reasons set forth above, defendant's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(4), is hereby *ALLOWED*. The Clerk is directed to dismiss the complaint with prejudice.

**IT IS SO ORDERED.**