**Alton B. HORNBACK, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 02–1915 C.**

United States Court of Federal Claims.

May 6, 2003.

Alton B. Hornback, San Diego, CA, pro se.

Susan L.C. Mitchell, with whom were Robert D. McCallum, Jr., Assistant Attorney General, and Vito J. DiPietro, Director, Department of Justice, Washington, DC, for defendant.

*OPINION AND ORDER*

HEWITT, Judge.

Before the court is Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted; Motion to Dismiss for Lack of Subject Matter Jurisdiction; and Motion for Sanctions (Def.'s Mot.); Plaintiff's Motion for Summary Judgment In Favor of Plaintiff and Response to Defen-

---

dant's Motion to Dismiss (Pl.'s Resp.) and plaintiff's responsive briefing to the court's Order to Show Cause Dated February 3, 2003 directing plaintiff to show why this case should not be dismissed on grounds similar to those relied on in *Hornback v. United States,* 52 Fed.Cl. 374, *aff'd,* 55 Fed.Appx. 536 (Fed.Cir. Dec.4, 2002).[1] For the following reasons, defendant's motion to dismiss is GRANTED and plaintiff's motion for summary judgment is DENIED.

## I. Background

On December 19, 2002, plaintiff filed a Complaint Seeking Just Compensation Under the Fifth Amendment for the Temporary Taking of Plaintiff's Intellectual Property (Complaint) alleging that the government owes him $10 million for "the *temporary* taking of his intellectual property embodied in a patent application on which a Secrecy Order was imposed." Complaint at 1. On April 15, 2003, plaintiff filed a First Amended Complaint Seeking Just Compensation Under the Fifth Amendment for the Temporary Taking of Plaintiff's Intellectual Property (First Amended Complaint) alleging that the government owes him "$12 million for the *temporary* taking of his intellectual property embodied in a patent application on which a Secrecy Order was imposed" as well as $12 million " 'for the improprieties committed in the course of the taking.' "[2] First Amended Complaint at 1. The intellectual property about which plaintiff complains is patent application, S/N 06/859,033, filed with the Patent and Trademark Office (PTO) on April 25, 1986 for an invention known as the "Real Time Boresight Error Slope Sensor." *Id.* at 2.

In his First Amended Complaint, plaintiff alleges that the Air Force sent him a letter dated April 16, 1987 stating that his patent application was "considered classified." *Id.* On August 24, 1987, the PTO imposed a secrecy order on his patent application pursuant to 35 U.S.C. § 181.[3] *Id.* About three weeks later, on September 17, 1987, the PTO informed plaintiff that "the application was 'in condition for allowance' but that: 'in view of the secrecy order issued August 24, 1987, under 35 U.S.C. 181 (1952), this application will be withheld from issue during such peri-

---

1. There are several pending motions filed by plaintiff, including: (1) Petition for Court to Remand Patent No. 6,079,666 to PTO for Reissue to Conform to Patent Application No. 06/859,033; (2) Motion for Compensation for Improprieties Committed in the Course of the Temporary Taking; and (3) Motion for Summary Judgment in Favor of Plaintiff and Response to Defendant's Motion to Dismiss (collectively, Pending Motions). However, defendant has moved to dismiss the complaint for, among other reasons, lack of subject matter jurisdiction. Because subject matter jurisdiction is a "threshold matter" that must be addressed before the court reaches the merits of the claim, the court considers defendant's motion first. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *see also Nippon Steel Corp. v. United States,* 219 F.3d 1348, 1352 (Fed.Cir.2000). Because of the court's disposition of defendant's motion, the Pending Motions are MOOT.

2. Attached to plaintiff's Petition to File [His] First Amended Complaint Pursuant to RCFC 15(a) as Mailed 21 January 2003 is documentary evidence of an unsuccessful delivery attempt by the United States Postal Service in January 2003.

3. Section 181 of the secrecy statute, set forth at 35 U.S.C. §§ 181–188 (1952), mandates that the Commissioner of Patents (Commissioner) place a secrecy order on certain inventions for which a

patent application is pending. 35 U.S.C. § 181. Section 181 states:

> Whenever publication or disclosure ... by the grant of a patent on an invention in which the Government has a property interest might, in the opinion of the head of the interested Government agency, be detrimental to the national security, the Commissioner [of Patents] upon being so notified shall order that the invention be kept secret and shall withhold the ... grant of a patent therefor under the conditions set forth hereinafter.

*Id.* Once the agency or department head who caused the secrecy order to be issued makes a "proper showing ... that the examination of the application might jeopardize the national interest," the Commissioner shall maintain the application in a sealed condition and provide notice thereof to the patent applicant. *Id.* While section 181 of the secrecy statute prohibits the imposition of a secrecy order or the withholding of a grant of a patent "for a period of more than one year," that same statutory provision also compels the Commissioner to "renew the [secrecy] order at the end [of the one year period], or at the end of any renewal period, for additional periods of one year upon notification by the head of the department or the chief officer of the agency who caused the order to be issued that an affirmative determination has been made that the national interest continues so to require." *Id.*

od as the national interest requires[.]' " *Id.* at 3. The secrecy order imposed on plaintiff's patent application was rescinded on April 21, 1999. *Id.* Almost a year later, on June 27, 2000, patent no. 6,079,666 issued in plaintiff's name. *Id.*

Plaintiff filed this action on December 19, 2002 alleging that the deprivation of all use of his intellectual property from 1987, when the secrecy order was imposed, until 1999, when the secrecy order was rescinded, constituted a temporary taking of his property. *Id.* at 4. Plaintiff also alleges that "to avoid compensating Plaintiff during the 12 years that that temporary taking remained in effect," defendant has committed certain "impropri[e]ties, includ[ing] the crimes of theft, fraud, conspiracy to defraud, perjury, subornation of perjury, and the suppression of evidence of those crimes from its own Attorney." *Id.* at 5. Plaintiff states that he is "also due compensation for those so-called 'impropri[e]ties.' " *Id.*

Defendant has moved to dismiss plaintiff's complaint on the grounds: (1) that plaintiff's takings claim involving his patent application is barred by res judicata or claim preclusion; (2) that the exclusive remedy for plaintiff's alleged harm is set forth in 35 U.S.C. § 183; and (3) that the statute of limitations has run on plaintiff's action. Def.'s Mot. at 1. Defendant also seeks sanctions against plaintiff for "repeated, frivolous filings" and seeks to bar plaintiff "from filing future complaints involving the same set of operative facts alleged in his complaint, which includes the classification of his patent application or the imposition of a secrecy order on his patent application." *Id.* at 1–2.

## II. Discussion

### A. Failure To State A Claim

Rule 12(b)(6) of the Court of Federal Claims (RCFC) governs dismissal of a claim for "failure to state a claim upon which relief can be granted." RCFC 12(b)(6). Under RCFC 12(b)(6), the court must accept as true the facts alleged in the complaint, *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999), and must construe all reasonable inferences

in favor of the non-movant, *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir.2001). A court must grant the motion "when the facts asserted by the plaintiff do not under the law entitle him to a remedy." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed.Cir.2000). RCFC 12(b)(6) specifically instructs that where such a motion is filed and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by RCFC 56." RCFC 12(b); *see also Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1248 (Fed.Cir.2000).

Here, defendant contends that Mr. Hornback has failed to state a claim upon which relief can be granted "because the Fifth Amendment takings claim involving his patent application is barred by *res judicata* or claim preclusion ...." Defendant's Memorandum in Support of Its Motion to Dismiss for Failure to States a Claim Upon Which Relief Can Be Granted; Motion to Dismiss for Lack of Subject Matter Jurisdiction; and Motion for Sanctions (Def.'s Mem.) at 2. Defendant points out that Mr. Hornback has litigated his takings claim "to a decision on the merits" in three prior lawsuits, two in the Southern District of California and the third in this court. *Id.* In support of its motion to dismiss this action by plaintiff, defendant cites *Lyons v. United States*, 45 Fed.Cl. 399, 402 (1999) in which this court stated that " '[a] claim preclusion defense is appropriately considered as a motion to dismiss pursuant to RCFC 12(b)(4),' which is currently 12(b)(6)." *Id.* Defendant also cites *Burnett v. United States*, 40 Fed.Cl. 806, 809 (1998) in which this court stated that "[a]n argument based on *res judicata* is properly considered as a motion to dismiss pursuant to RCFC 12(b)(4)." *Id.*

In *Hornback v. United States*, 52 Fed.Cl. 374 (2002), this court determined that plaintiff's Fifth Amendment takings claim was barred by *res judicata* because Mr. Hornback had filed two prior suits in the Southern District of California alleging the same facts. The court specifically found that:

(1) the parties involved in plaintiff's claims filed in the district court of California in

1989 and 1994 are legally identical to the parties involved in this case; (2) the events underlying plaintiff's takings claim in the 1989 and 1994 actions filed in the district court of California are substantially the same as the events underlying plaintiff's takings claim here; and (3) plaintiff had a "full and fair opportunity to litigate" his takings claim in the lawsuits he filed in 1989 and 1994. Because plaintiff has litigated his takings claim and final judgment has issued on two prior occasions, the doctrine of res judicata precludes plaintiff from relitigating his takings claim.

52 Fed.Cl. at 386 (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). In an unpublished decision, the Federal Circuit affirmed the court's dismissal of plaintiff's action on the grounds of claim preclusion and untimeliness. *Hornback v. United States*, 55 Fed.Appx. 536, 536–37 (Fed.Cir.2002). The

Federal Circuit stated that "Hornback's argument that this filing differs factually from his takings claim filed in the District Court of Southern California in 1994 is unpersuasive." *Id.* at 537.

In this case, Mr. Hornback attempts to distinguish this particular action as one seeking compensation for a temporary taking rather than a permanent taking. *See* First Amended Complaint at 1; Pl.'s Resp. at 8. Plaintiff alleges that defendant's imposition in 1987 of a secrecy order with "illegal specifications" on plaintiff's patent application was the governmental conduct that caused the "deprivation of all use of . . . [plaintiff's intellectual] property" until 1999 when the secrecy order was rescinded. *See* First Amended Complaint at 3–4; Pl.'s Resp. at 8. Citing the court's discussion in footnote 8 of its recent opinion addressing the statute of limitations issue,[4] Mr. Hornback contends that "this

---

4. In footnote 8 of the Opinion and Order issued on April 18, 2002 in case number 99–38 C, the court stated:

Without further discussion, defendant conclusorily states that the continuing claim doctrine does not apply in this case. Def.'s Mot. at 13. Although plaintiff does not address the issue in his responsive briefing, the court considers the applicability of the doctrine here.

The continuing claim doctrine "operates to save later arising claims even if the statute of limitations has lapsed for earlier events." *Ariadne Fin. Servs. Pty. Ltd. v. United States*, 133 F.3d 874, 879 (Fed.Cir.1998). "In order for the continuing claim doctrine to apply, the plaintiff's claim must be inherently susceptible to being broken down into a series of independent and distinct events or wrongs, each having its own associated damages." *Brown Park Estates–Fairfield Dev. Co. v. United States*, 127 F.3d 1449, 1456 (Fed.Cir.1997). A continuing claim requires recurring, "individual actionable wrongs." *Brown Park Estates*, 127 F.3d at 1459. The Federal Circuit makes clear that the doctrine does not apply to "a claim based upon a single distinct event, which may have continued ill effects later on." *Brown Park Estates*, 127 F.3d at 1456. *See also Ariadne*, 133 F.3d at 879. A claim is not a continuing claim if it involves "only . . . one alleged wrong by the government, which accrued all at once at one point in time," *Brown Park Estates*, 127 F.3d at 1457, but has produced long term "ill effects that continue to accumulate over time." *Ariadne*, 133 F.3d at 879.

The class of cases in which courts have found that the doctrine applies is limited chiefly to those particular circumstances in which the government has a duty to make periodic pay-

ments. *See, e.g., Hatter v. United States*, 203 F.3d 795, 797–98 (Fed.Cir.2000)(diminution of judges' pay by imposition of social security taxes deemed a continuing claim), *rev'd in part on other grounds, United States v. Hatter*, 532 U.S. 557, 121 S.Ct. 1782, 149 L.Ed.2d 820 (2001); *Friedman v. United States*, 159 Ct.Cl. 1, 310 F.2d 381, 396 (1962) (finding widow's action for disability retirement pay denied to her husband not a continuing claim). *See also Cherokee Nation of Okla. v. United States*, 26 Cl.Ct. 798, 804 (1992) (finding claim that government breached its fiduciary duties in a tribal lands trust relationship by failing to evict trespassers potentially a continuing claim based on the circumstances of each instance of trespass pleaded by plaintiffs). Moreover, in *Aktiebolaget Bofors v. United States*, 139 Ct.Cl. 642, 153 F.Supp. 397 (1957), the court found that defendant continued to export merchandise in violation of its contract and that each export was a separate violation of the contract. *Id.* at 400–02 (court interpreted the contract to license the government to manufacture but not to export antiaircraft guns).

In this case, the court agrees with defendant that the government's imposition of the August 1987 secrecy order, which was renewed by subsequent orders in accordance with section 181 of the secrecy statute, constituted one alleged wrong by the government that withheld the grant of plaintiff's patent from the secrecy order's initial imposition in 1987 until the PTO rescinded it in 1999. The court does not view the periodic renewals of the August 1987 secrecy order as "recurring, individual actionable wrongs," *see Brown Park Estates*, 127 F.3d at 1459, but as one act of imposition producing a harm that continued over a period of time.

Court *remained silent* regarding the *temporary* taking." Pl.'s Resp. at 8. Stating that "the Court failed to state: (i) that har[m] was the deprivation of all use by Plaintiff of his property resulting from the illegal specification in that August 1987 Secrecy Order; and (ii) the 'period of time' was the *entire 12 years* between 1987 when that Secrecy Order was imposed, and 1999 when it was rescinded," *id.,* Mr. Hornback appears to be arguing that because this court did not expressly address the alleged temporary taking in its 2002 opinion, the doctrine of res judicata does not apply to bar such claim here. *See generally Hornback v. United States,* 52 Fed. Cl. 374. Mr. Hornback's position, however, is contrary to the law governing res judicata.

The Federal Circuit stated in *Foster v. Hallco Mfg. Co.,* 947 F.2d 469 (Fed.Cir.1991):

> The general concept of claim preclusion is that when a judgment is rendered in favor of a party to litigation, the plaintiff may not thereafter maintain another action on the same "claim," and defenses that were raised or could have been raised by the defendant in that action are extinguished. *See* Restatement (Second) of Judgments, §§ 18, 19 & comments.

*Id.* at 478. The Federal Circuit explained that "[a] 'claim' rests on a particular factual transaction or series thereof on which a suit is brought." *Id.* at 479.

Mr. Hornback does not dispute that the temporary takings claim he asserts here arises out of the same factual circumstances as have his prior lawsuits concerning the imposition of a secrecy order on his 1986 patent application for the "Real Time Boresight Error Slope Sensor." Nonetheless, plaintiff continues to seek compensation from defendant, albeit under different theories of recovery, for damages resulting from the imposition of that secrecy order on his patent application. Because the doctrine of res judicata or claim preclusion bars plaintiff from relitigating causes of action arising out of the same factual circumstances, Mr. Hornback's complaint must be dismissed. *See Lyons,* 45 Fed.Cl. at 402.

Among the alternate grounds on which defendant moves to dismiss plaintiff's takings

claim is the untimeliness of Mr. Hornback's action. *See* Def.'s Mem. at 1. The applicable statute of limitations for filing suit in the Court of Federal Claims is six years. 28 U.S.C. § 2501 (1994) ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."). The six-year limitation is "an 'express limitation on the Tucker Act's waiver of sovereign immunity.' " *Franconia Assocs. v. United States,* 240 F.3d 1358, 1362 (Fed.Cir.2001) (*quoting Hart v. United States,* 910 F.2d 815, 817 (Fed.Cir. 1990)).

To survive defendant's motion to dismiss on this ground, Mr. Hornback must establish "jurisdictional timeliness." *Alder Terrace, Inc. v. United States,* 161 F.3d 1372, 1377 (Fed.Cir.1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). In particular, he must prove by a preponderance of the evidence that he filed suit within six years of the accrual of his takings claim. *See* 28 U.S.C. § 2501; *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed. Cir.1988); *Martinez v. United States,* 48 Fed.Cl. 851, 857 (2001). In this case, because plaintiff is asserting the same claim that this court found to be barred by the doctrine of res judicata, the claim is also untimely.

Mr. Hornback alleges that his temporary takings claim did not ripen until the "PTO 'voided the secrecy order and the bar on the issuance of the patent,' after which the patent issued in Plaintiff's name, thus returning all property rights to Plaintiff." First Amended Complaint at 6. Mr. Hornback asserts that "[u]ntil the Secrecy Order containing those illegal specifications was actually rescinded, it could not have been determined that the taking asserted in Case No. 99–38 C would be a *temporary* taking." *Id.* The secrecy order was rescinded on April 21, 1999. *See* Pl.'s Resp. at 3.

Citing *Creppel v. United States,* 41 F.3d 627 (Fed.Cir.1994), defendant states that "[w]hether a takings claim is permanent or

temporary, the cause of action accrues when all events have occurred that fix the liability of Defendant." Def.'s Mem. at 5 n. 3. Defendant argues that because plaintiff's taking was triggered by the 1987 imposition of the secrecy order on his patent application, his claim is time-barred. *Id.*

The Federal Circuit instructs that "a claim accrues when all events have occurred that fix the alleged liability of the Government and entitle plaintiff to institute an action." *Creppel,* 41 F.3d at 631. In *Creppel,* the Federal Circuit determined that the alleged temporary taking occurred in 1976 when an Army Corps of Engineers' officer issued an order modifying a flood control levee project in Jefferson Parish, Louisiana. *Id.* at 629–30, 632. The Federal Circuit further concluded that the temporary taking ended, and thus the temporary takings cause of action accrued, in August 1984 when the federal district court ordered the original flood control levee project to proceed. *Id.* at 632. Because plaintiff did not file suit until 1991, the Federal Circuit found that plaintiffs' temporary takings claim was barred by the statute of limitations.

It is the view of this court that the *Creppel* case is inapposite here. In *Hornback,* 52 Fed.Cl. at 387, the court determined that the secrecy statute, 35 U.S.C. § 183, which affords a patent applicant whose patent is withheld by the imposition of a secrecy order a right to compensation, provides the exclusive remedy to an aggrieved patent applicant. The court does not believe that a takings cause of action may be asserted in these circumstances.

Nonetheless, even if a takings claim may be brought for damages arising out of the imposition of a secrecy order on a patent application, Mr. Hornback is barred by the doctrine of claim preclusion from asserting such claim. The doctrine of claim preclusion or res judicata applies to those claims or defenses that "could have been raised" in prior litigation. *See Foster v. Hallco Mfg. Co.,* 947 F.2d at 478. The governmental act that triggered plaintiff's alleged takings claim in this case was the imposition of the secrecy order on Mr. Hornback's patent application in 1987. As the court observed in

its Opinion and Order issued on April 18, 2002 in *Hornback v. United States,* case no. 99–38, *see Hornback,* 52 Fed.Cl. 374, the imposition of that secrecy order produces a harm that continued over a period of time. *See id.* at 378 n. 8 (citing *Brown Park Estates,* 127 F.3d at 1459). The nature of the harm was apparent at the time of the secrecy order's imposition, and the harm continued without interruption until the secrecy order was rescinded in 1999. Even if *Creppel* may be applied to the different facts of this case so that plaintiff's cause of action for the alleged temporary taking did not ripen until 1999, *cf.* 41 F.3d at 632 (alleged temporary taking by agency flood control order in effect pending court review), the court notes that Mr. Hornback amended his responsive briefing in case number 99–38 before this court to include a discussion of the compensation owed to him for the temporary taking of his intellectual property by the imposition of the secrecy order. *See* Plaintiff's Amended Response to Order of 28 February 2002 for Briefing on Res Judicata and/or Collateral Estoppel at 1, filed on March 14, 2002 in *Hornback v. United States,* case no. 99–38. The distinction between plaintiff's respective claims for permanent and temporary takings is limited to the computation of just compensation based on the duration of the alleged takings. *See id.* at 1, 4, 7. It is the view of the court that this distinction is without legal significance in this case because the events underlying plaintiff's takings claim had been considered and fully litigated in prior suits filed by plaintiff. Because the doctrine of claim preclusion precludes plaintiff from continuing to litigate the same matter by asserting various legal theories arising out of the same series of factual circumstances, Mr. Hornback's complaint must be dismissed.

### B. Lack Of Subject Matter Jurisdiction

RCFC 12(b)(1) governs dismissal of a claim based on a "lack of jurisdiction over the subject matter." RCFC 12(b)(1). The Supreme Court has stated that in evaluating a motion to dismiss, "the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974);

*Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989). When considering a motion to dismiss, the court must presume that well-pleaded factual allegations in the complaint are true. *Miree v. DeKalb County, Ga.,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977); *Reynolds,* 846 F.2d at 747. The jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States and then, only when they are grounded in a contract, a money-mandating statute, or the "takings clause" of the Fifth Amendment. *See* 28 U.S.C. § 1491 (1994); *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976).

As amended, plaintiff's complaint contains a request for compensation based on " 'impropri[e]ties' committed by the Government to avoid compensating Plaintiff during the 12 years that th[e] temporary taking remained in effect, included the crimes of theft, fraud, conspiracy to defraud, perjury, subornation of perjury, and the suppression of evidence of those crimes." *See* First Amended Complaint at 5. From this allegation, the court cannot discern a claim raised by plaintiff over which this court has jurisdiction. Under RCFC 8(a), plaintiff is required to set forth a jurisdictional basis upon which this court could grant relief for his claim. Here, Mr. Hornback fails to set forth in his complaint a jurisdictional basis for the alleged "impropri[e]ties" committed by defendant in connection with the imposition of the secrecy order on Mr. Hornback's patent application. Although allegations made in a pro se complaint are to be held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), none of the allegations made by plaintiff can be fairly read to state a claim within this court's jurisdiction. Moreover, the claim of alleged "impropri[e]ties" sounds in tort rather than contract. Claims in tort are specifically excluded from this court's jurisdiction under the Tucker Act. *See* 28 U.S.C. § 1491 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."). Because plaintiff's claim for compensation as a result of defendant's "impropri[e]ties" does not lie within this court's jurisdiction, the complaint shall be dismissed by the Clerk of the Court for lack of jurisdiction.

## III.  Conclusion

For the foregoing reasons, defendant's motion to dismiss is GRANTED, and Plaintiff's motion for summary judgment is DENIED. The court DENIES defendant's request for sanctions without prejudice. The Clerk of the Court shall DISMISS plaintiff's complaint with prejudice. No costs.

IT IS SO ORDERED.