**Alton B. HORNBACK, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 01–99C.**

United States Court of Federal Claims.

May 13, 2003.

Alton B. Hornback, San Diego, CA, pro se.

Susan L.C. Mitchell, with whom were Robert D. McCallum, Jr., Assistant Attorney General, and Vito J. DiPietro, Director, Department of Justice, Washington, DC, for defendant.

1. Plaintiff has filed a total of nine related cases in this court since 1996. *Hornback v. United States,* case no. 96–21, *Hornback v. United States.* Case no. 96–647, *Hornback v. United States,* case no. 98–57, *Hornback v. United States,* case no. 99–38, *Hornback v. United States,* case no. 99–168, *Hornback v. United States,* case no. 00–374.

**OPINION AND ORDER**

HEWITT, Judge.

This is one of nine related cases brought by plaintiff in this court and one of three such cases which remain pending.[1] *See also Hornback v. United States,* case no. 99–168 which has been consolidated with *Hornback v. United States,* case no. 00–374. These cases were stayed by Order dated November 6, 2001 pending final disposition of *Hornback v. United States,* case no. 99–38. On January 27, 2003, the Federal Circuit affirmed this court's dismissal of the takings claim asserted in *Hornback v. United States,* case no. 99–38, finding that plaintiff's claim was untimely and barred by the doctrine of claim preclusion or res judicata. *See Hornback v. United States,* 55 Fed.Appx. 536 (Fed.Cir. 2002) (unpublished decision). On February 3, 2003, this court issued an order in each case left pending before the court requiring plaintiff to show cause why that action should not be dismissed on the same grounds as the related case, *Hornback v. United States,* case no. 99–38. *See, e.g.,* Order dated February 3, 2003.

This case, like plaintiff's other related cases, is rooted in events relating to a single patent application. On April 25, 1986, plaintiff filed with the Patent and Trademark Office (PTO) a patent application titled "Real Time Boresight Error Slope Sensor." Complaint (Compl.) at 2. By letter dated April 16, 1987, the Air Force informed plaintiff that his patent application was "considered classified." *Id.* at 2. On August 24, 1987, the PTO imposed a Secrecy Order on plaintiff's patent application pursuant to 35 U.S.C. § 181. *Id.* In this action, plaintiff has filed a complaint "seeking compensation in the amount of $10 million as consideration for the proprietary interest in his intellectual property acquired by the U.S. Government which was mandated by 32 C.F.R. 159a.15(e)(3) as a prerequisite for its classification at the level of SECRET pursuant to Executive Order 12356.[2]" Compl. at 1 (footnote in original).

*Hornback v. United States,* case no. 01–99, *Hornback v. United States,* case no. 01–136, and *Hornback v. United States,* case no. 02–1915.

2. "E.O. 12356 defines 'Sectet'[sic] as 'Secret' shall be applied to information, the unauthorized disclosure of which reasonably could be expected

Plaintiff observes that a regulatory provision, 32 C.F.R. § 159a.15(e)(3), prohibits the classification of "[a] product of nongovernment research and development ... until and unless the government acquires a proprietary interest in the product."[3] Compl. at 3–4. Plaintiff reasons that his patent application was first duly classified on October 17, 1997, *see id.* at 4, and the government acquired an exclusive proprietary interest in plaintiff's intellectual property by operation of a regulatory provision, 32 C.F.R. § 159a.15(e)(3), at that time. *See id.* Plaintiff seeks damages for the interests so obtained. *Id.* at 4–7. Plaintiff asserts that this court has jurisdiction over his claim because the Tucker Act confers jurisdiction in this court "to render judgment upon any claim against the United States founded ... upon ... any regulation of an executive department." *Id.* at 4. Moreover, plaintiff asserts that this action, filed on February 26, 2001, is timely because, following earlier improper classifications of his patent application, the patent application was duly classified on October 17, 1997, the date from which plaintiff alleges the six-year statute of limitations begins to run. *Id.* at 1, 4.

This opinion and order addresses plaintiff's responsive briefing to the court's show cause order of February 3, 2003. Defendant decided not to reply to plaintiff's responsive briefing. In his response to the court's Show Cause Order, plaintiff asserts:

> The issue of ultimate fact is the violation of the Code of Federal Regulatios(sic), 32 C.F.R. 159a.15(e)(3), which mandates the acquisition of a proprietary interest in private property as a prerequisite for its classification under Executive Order 12356.

to cause serious damage to the national security." Compl. at 1 n. 1.

**3.** The regulatory provision on which plaintiff relies, in particular, 32 C.F.R. § 159a.15(e)(3), did not exist in 1987 when the PTO imposed the secrecy order on plaintiff's patent application. In fact, the regulation was not promulgated until two years later in 1989. *See* Information Security Program Regulation, 54 Fed.Reg. 26959, 26964 (June 27, 1989). Plaintiff asserts his claim based on the text of the regulation, which stated:

> A product of nongovernment research and development that does not incorporate or reveal classified information to which the producer or

That issue has never been adjudicated on its merits.

Response to Show Cause Order Dated February 3, 2003 and Motion for Leave to File That Response Out of Time (Pl.'s Resp.) at 1 (internal citations and emphasis omitted).

■ Plaintiff's argument, however, is inconsistent with the Federal Circuit's instruction on the judicial doctrine of claim preclusion. That doctrine prevents parties from relitigating matters that have already been fully litigated. As this court observed in its Opinion and Order issued on April 18, 2002 in *Hornback v. United States*:

> Under the doctrine of res judicata or claim preclusion, "a final judgment on the merits of an action precludes the parties ... from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398[, 101 S.Ct. 2424, 69 L.Ed.2d 103] (1981); *Stearn v. Dept. of the Navy,* 280 F.3d 1376, 1380 (Fed.Cir.2002). *See Alyeska Pipeline Serv. Co. v. United States,* [231 Ct.Cl. 540,] 688 F.2d 765, 769 (Ct.Cl.1982). The doctrine of res judicata is intended to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and ... encourage reliance on adjudication." *Stearn,* 280 F.3d at 1380 (quoting *Allen v. McCurry,* 449 U.S. 90, 94[, 101 S.Ct. 411, 66 L.Ed.2d 308] (1980)). In determining whether a plaintiff's prior lawsuits bar further litigation under the doctrine of res judicata, this court has applied a three-part test specifically considering: (1) whether the parties are legally identical; (2) whether the transactions or events underlying the claims are sub-

developer was given prior access may not be classified until and unless the government acquires a proprietary interest in the product. 32 C.F.R. § 159a.15(e)(3). Among other provisions, part 159a was removed from the Code of Federal Regulations on October 25, 2001. *See* Removal of Regulatory Parts, 66 Fed.Reg. 53957, 53958 (Oct. 25, 2001). The court observes that even if the doctrine of res judicata did not preclude plaintiff from bringing this claim, plaintiff still could not maintain this cause of action because the regulatory authority underlying his claim did not exist at the time his cause of action accrued.

stantially related; and (3) whether the non-moving party had a "full and fair opportunity to litigate the original claim." *Worthington v. United States,* 50 Fed.Cl. 712, 715 (2001)(internal citation and quotation omitted). A claim is deemed the same claim for res judicata purposes when it rests on all or part of the transaction or series of connected transactions out of which the original claim arose. *Foster v. Hallco Mfg. Co.,* 947 F.2d 469, 478 (Fed. Cir.1991). "Whether, based on the facts of the case, a claim is barred by *res judicata* is a question of law . . . ." *Faust v. United States,* 101 F.3d 675, 677 (Fed.Cir.1996). *Hornback v. United States,* 52 Fed.Cl. 374, 384.

Here, plaintiff's claim arises out of the classification of the patent application which he filed with the PTO in 1986 and which became subject to a secrecy order imposed by the PTO in 1987. Even if, as plaintiff alleges, this cause of action did not ripen until 1997 when his patent application "was first duly classified," *see* Compl. at 4, Plaintiff has failed to explain why this claim, which was not filed until February 26, 2001, was not filed as an alternative grounds for recovery in one of his earlier lawsuits. Plaintiff does not dispute that he has litigated various aspects of this same factual circumstance on several prior occasions in the district court of California and in this court. *See Hornback v. United States,* 52 Fed.Cl. at 385–86. Recently, in this court, in *Hornback v. United States,* case no. 99–38, Mr. Hornback alleged a taking cause of action arising out of the same factual circumstances underlying the legal claim asserted in this case. *See* 52 Fed. Cl. 374. Moreover, in *Hornback v. United States,* case no. 02–1915, he alleged a temporary taking and sought compensation for alleged improprieties committed by the government in the course of the taking. *See* Opinion and Order dated May 6, 2003 issued in *Hornback v. United States,* 56 Fed.Cl. 359 (2003). As explained by the Federal Circuit in *Foster v. Hallco Mfg. Co.,* 947 F.2d at 478, the doctrine of claim preclusion or res judicata prohibits the relitigation of claims that arise out of a particular factual transaction or series of transactions and that "could have been raised" in prior litigation. It appears to the court, and plaintiff has offered no evidence to the contrary, that this cause of action "could have been raised" in one of Mr. Hornback's prior suits in this court. Plaintiff's effort to litigate another claim based on an alternate legal theory arising out of the same core factual circumstances as he has heretofore litigated is barred by the doctrine of claim preclusion. This action shall be DISMISSED. The Clerk of Court shall enter judgment for defendant. No costs.

IT IS SO ORDERED.