DECISION
PER CURIAM.
Alton B. Hornback appeals from two final decisions of the United States Court of Federal Claims dismissing his actions as barred by the doctrine of res judicata. Hornback v. United States, 56 Fed.Cl. 462 (May 13, 2003); Hornback v. United States, Nos. 99-168C, 00-374C (Fed.Cl. May 13, 2003). We affirm.
BACKGROUND
Mr. Hornback filed U.S. Patent Application 06/859,033, which was directed to a “Real Time Boresight Error Slope Sensor,” in the United States Patent and Trademark Office (“PTO”) on April 25, 1986. On August 24, 1987, the PTO imposed a secrecy order on Hornback’s application pursuant to 35 U.S.C. § 181. The PTO informed Hornback on September 17, 1987 that his application was in condition for allowance but that, in view of the secrecy order, it would be withheld from issue “during such period as the national interest require[d].” The secrecy order was renewed each year until it was rescinded on April 21, 1999. The application subsequently issued to Hornback as U.S. Patent 6,079,666 on June 27, 2000.
Between 1996 and 2003, Hornback filed at least nine related complaints in the Court of Federal Claims. In Case No. 99-168C, filed on March 24, 1999, Hornback sought ten minion dollars under 35 U.S.C. § 183 as just compensation for the government’s unauthorized use of the invention disclosed in his patent application on which a secrecy order was imposed. In Case No. 00-374C, filed on July 5, 2000, Hornback again sought ten million dollars pursuant to 35 U.S.C. § 183, this time for damages caused by the secrecy order imposed in connection with his patent application. In Case No. 01-99C, filed on February 26, 2001, Hornback sought ten million dollars “as consideration for the proprietary interest in his intellectual property acquired by the U.S. Government which was mandated by 32 C.F.R. 159a.l5(e)(3) as a prerequisite for its classification at the level of SECRET pursuant to Executive Order 12356.”
The Court of Federal Claims consolidated Case Nos. 99-168C and 00-374C. The court then stayed all three actions pending final disposition of a related case, No. 99-38C, in which Hornback sought just compensation under the Fifth Amendment for the government’s alleged taking of his “intellectual property.” Hornback v. United States, Nos. 99-168C, 00-374C, 01-99C (Fed.Cl. Nov. 6, 2001) (stay orders). After we affirmed the dismissal of Homback’s takings claim in Case No. 99-38C on the ground that Hornback was collaterally es-topped from arguing that his filing was not barred by the statute of limitations, Hornback v. United States, No. 02-5111, 55 Fed.Appx. 536, 537, 2002 WL 31796654 (Fed.Cir. Dec. 4, 2002), the Court of Federal Claims lifted the stay in the present eases and directed Hornback to show cause why these actions should not be dismissed on similar grounds, Hornback v. United States, Nos. 99-168C, 00-374C, 01-99C (Fed.Cl. Feb. 3, 2003) (show cause orders). Hornback responded to the show cause orders by arguing that collateral estoppel should not apply in these cases because the issues of the government’s unauthorized use of his invention, the dam *760 age caused by the secrecy order after 1992, and the government’s violation of 32 C.F.R. § 159a.l5(e)(3) had never been adjudicated on then merits.
On May 13, 2003, the Court of Federal Claims dismissed Hornback’s actions in the present cases. Finding that Horn-back’s claims arose out of the same facts and “could have been raised” in one of his prior lawsuits, the court concluded that the doctrine of res judicata barred all three of Hornback’s claims. Hornback, 56 Fed. Cl. at 465; Hornback v. United States, Nos. 99-168C. 00-374C, slip op. at 4 (Fed.Cl. May 13, 2002). The court alternatively held that Hornback could not maintain his cause of action in Case No. 01-99C because the regulatory authority underlying that claim, 32 C.F.R. § 159a.l5(e)(3), did not exist in 1987 when the secrecy order was imposed on his patent application. Hornback, 56 Fed. Cl. at 464 n. 3.
Hornback timely appealed to this court. The cases numbered 99-168C, 00-374C, and 01-99C in the Court of Federal Claims have been consolidated on appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).
DISCUSSION
The determination whether a claim is barred by the doctrine of res judicata, or claim preclusion, is a question of law that we review de novo. Faust v. United States, 101 F.3d 675, 677 (Fed.Cir.1996).
On appeal, Hornback argues that the Court of Federal Claims erred in dismissing his claims as barred by the doctrine of res judicata. First, Hornback asserts that the Court of Federal Claims’ reliance on the doctrine of res judicata was inappropriate because no court has ever reached a final judgment on the merits of any claim that he has filed, including his claim in Case No. 99-38C. Second, Hornback contends that his claim alleging a violation of 32 C.F.R. § 159a.l5(e)(3) was also raised in Case No. 99-38C, but that the court remained silent on that issue in that case. Finally, Hornback maintains that it was unjust for the court, after choosing not to consolidate these cases with Case No. 99-38C on its own motion, to dismiss these claims on the ground that Hornback did not petition the court to consolidate the cases.
In response, the government sets forth several arguments in support of the Court of Federal Claims’ dismissal of Hornback’s claims. First, the government argues that the doctrine of res judicata bars Hornback from relitigating his claims concerning the classification of information in his patent application and the imposition of a secrecy order on that application. The government maintains that Hornback fully and fairly litigated the same claim, albeit under a different theory, and received a decision on the merits of that claim in Case No. 99-38C, when the Court of Federal Claims dismissed his action for failure to state a claim upon which relief could be granted. Second, the government argues that, in his action alleging a violation of 32 C.F.R. § 159a.l5(e)(3), Hornback has failed to state a claim upon which relief can be granted because that regulation was expressly inapplicable to the patent statutes, was promulgated after the government imposed a secrecy order on his patent application, and was no longer in existence at the time of the Court of Federal Claims’ dismissal of that action. Finally, the government asserts that Hornback has failed to allege any damages for which he may be compensated under 28 U.S.C. § 1491.
We agree with the government that the Court of Federal Claims properly dismissed Hornback’s claims in the cases before us. Under the doctrine of res judicata, “a judgment on the merits in a prior *761 suit bars a second suit involving the same parties or their privies based on the same cause of action.” Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). A second suit will be barred by the doctrine of res judicata if: “(1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first.” Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1362 (Fed.Cir.2000). Because, as we discuss below, each of those criteria has been satisfied, we conclude that Horn-back’s claims in these consolidated cases are barred by the doctrine of res judicata.
For over a decade, Homback has been litigating claims against the government based on the government’s classification of his patent application and its imposition of a secrecy order on that application. In 1993, our court affirmed the United States District Court for the Southern District of California’s summary judgment dismissal of Hornback’s damages claim under 35 U.S.C. § 183 for failure to offer any proof of actual damages. Hornback v. United States, No. 93-1462, 1993 U.SApp. LEXIS 33894, at *3, 1993 WL 528066 (Fed.Cir. Dec. 22, 1993) (nonpreeedential), aff'g Civ. No. 89-1914-R(M) (S.D. Cal. Oct. 2,1992).[1] This court also affirmed the district court’s summary judgment dismissal of Horn-back’s takings claim on the ground that § 183 provides the exclusive remedy for a patent applicant whose patent has been withheld under a secrecy order. Id. In 1996, the Ninth Circuit affirmed the Southern District of California’s decision refusing to transfer Hornback’s takings claim to the Court of Federal Claims, eon-eluding that the claim was barred by the statute of limitations. Hornback v. United States, No. 95-56435, 1996 U.SApp. LEXIS 15907, at *4-5, 1996 WL 368135 (9th Cir. June 28, 1996) (unpublished), ajfg No. CV-94-00952-IEG (S.D.Cal.).[2] Most recently, we affirmed the Court of Federal Claims’ dismissal of another of Hornback’s takings claims on the ground that Hornback was collaterally estopped from relitigating the statute of limitations issue. Hornback, 55 Fed.Appx. 536, aff'g 2 Fed. Cl. 374 (Fed.Cir.2002).
It is not disputed that the parties in the present cases are identical to the parties in Hornback’s earlier lawsuits brought in the Southern District of California and in the Court of Federal Claims. Moreover, the claims raised in the cases on appeal are based on the same set of transactional facts as were the claims in the earlier lawsuits. Namely, all of Hornback’s claims are based on the classification of information in his patent application and the imposition of a secrecy order on that application. In fact, Hornback concedes that “the many cases” he has filed are “all based upon substantially the same set of facts.” Hornback thus may not split his claim by simply asserting different theories of recovery in successive lawsuits. See Mars Inc. v. Nippon Conlux Kabushiki-Kaisha, 58 F.3d 616, 619 (Fed.Cir. 1995); Vitaline Corp. v. Gen. Mills, Inc., 891 F.2d 273, 275 (1989); see also 18 James Wm. Moore, Moore’s Federal Practice § 131.21[3][a] (3d ed.2003).
The gravamen of Hornback’s appeal appears to be his contention that there has never been a final judgment on the merits of any of his claims. However, the dismissal of a claim as barred by the statute *762 of limitations or for failure to state a claim upon which relief can be granted is considered a judgment on the merits for purposes of claim preclusion. See Plant v. Spendthrift Farm, Inc., 514 U.S. 211, 228, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995) (“The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.”); see also 18 Moore, supra, § 131.30[3][g][i]. Thus, Hornback’s earlier takings claims, which were dismissed as barred by the statute of limitations or as barred by § 183’s “exclusive remedy,” were finally adjudicated on their merits. Accordingly, we conclude that the Court of Federal Claims properly dismissed Hornback’s claims underlying the present appeal as barred by the doctrine of res judicata.
Hornback argues nonetheless that the doctrine of res judicata should not bar his claim alleging a violation of 32 C.F.R. § 159a.l5(e)(3) because he actually raised that claim in Case No. 99-38C but the court did not address it. However, to the extent that Hornback did argue that theory in Case No. 99-38C, he is clearly barred from raising it again in a subsequent lawsuit. See Federated Dep’t Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (“A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.” (emphasis added)). Even if the Court of Federal Claims did not expressly address that particular argument in its opinion, it was still a part of the same claim that the court adjudicated and dismissed on the merits. If Hornback was not satisfied that the court had fully considered his argument based on 32 C.F.R. § 159a.l5(e)(3), he could have raised that issue in a motion for reconsideration or on appeal. He may not, however, relitigate the issue in a separate and subsequent proceeding.
Hornback further asserts that it was unjust for the Court of Federal Claims not to consolidate Case No. 99-38C with the cases on appeal and then to dismiss the latter cases as barred by the former case. However, Hornback himself requested that the cases not be consolidated, see Hornback v. United States, No. 99-38C, slip op. at 1 (Fed.Cl. Nov. 6, 2001) (order), and therefore cannot now argue that the cases should have been consolidated. In any event, the determination whether to consolidate cases is within the broad discretion of the court, and we cannot say that it was an abuse of discretion for the court not to consolidate the cases sua sponte. Thus, once a final judgment was entered in Case No. 99-38C, it was proper for the Court of Federal Claims to rely on that judgment as the basis for applying the doctrine of res judicata, even though the other cases had been pending simultaneously. See 18 Moore, supra, § 131.31[2].
We have considered Homback’s other arguments and find them unpersuasive. Hornback has now had substantial opportunities to challenge the PTO’s secrecy order and to raise various theories concerning recovery of damages against the United States government. While the courts of the United States are open for individuals to make claims against their government, continued challenges concerning the same set of underlying facts eventually constitute an abuse of the judicial system. Such a point has now been reached. Hornback is therefore warned that further appeals involving claims based on the same set of facts, whether raising the same or new theories, may be held to *763 be frivolous and subject to sanctions, see Fed. R.App. P. 38.
CONCLUSION
For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.

. Federal Circuit Rule 47.6(b) provides that a nonpreeedential opinion may be asserted for claim preclusion or issue preclusion purposes.

. Rule 36-3(a) of the Ninth Circuit’s Local Rules provides that an unpublished opinion may be asserted for claim preclusion or issue preclusion purposes.